THE TRAVELERS INSURANCE COMPANY *vs*. FANNIE E. SAVAGE.

A petition for a new trial is not insufficient in form because it does not set forth the evidence on the former trial upon a point not now controverted, and which is not affected by the newly discovered evidence which is the ground of the petition.

It is not enough, upon such a petition, that the evidence is newly discovered, if it might have been obtained on the former trial by the use of due diligence.

And the evidence must not be merely cumulative to evidence introduced on the former trial.

Nor merely cumulative to evidence known at the time of the former trial, but not then introduced.

PETITION for a new trial, brought to the Superior Court in New Haven County.

The former trial was of an action of assumpsit upon a policy of insurance upon the life of one Jesse L. Savage, issued by the present petitioners, in favor of the respondent, as the wife of the insured, the application for the insurance, signed by the said Jesse, representing her as his wife. The petition averred that on that trial it was a material question whether, at the time of the death of the said Jesse, on the 13th day of September, 1870, the respondent was his wife, and set forth all the evidence introduced by the petitioners upon the trial upon that point. The petition then alleged that the petitioners had since the trial discovered material evidence in their favor, which they had at that time been unable to discover, although they had used all reasonable diligence in endeavoring to find testimony in their favor; and that the verdict against them upon that trial was unjust and that the petitioners had reason to believe that if they were allowed a new trial, with

all the evidence which they could now produce, such evidence would satisfy a jury that a verdict should be rendered in their favor. The petition then set out the newly discovered evidence and the names of the witnesses.

The defendant demurred to the petition as insufficient in both form and substance, assigning as special cause of demurrer that the petition did not set forth all the evidence adduced upon the trial of the original action, and setting forth the names of and the matters testified to by, sundry witnesses, whose testimony related solely to the manner of the death of the said Jesse L. Savage; it having been claimed by the petitioners upon the former trial that the said Jesse committed suicide, a point to which no reference was made in the present petition.

The court reserved the questions arising on the demurrer for the advice of this court.

*G. H. Watrous* and *L. H. Bristol*, in support of the demurrer.

*T. E. Doolittle*, contra.

FOSTER, J. The question raised by the demurrer interposed in this case—is this petition sufficient?—is reserved by the Superior Court for the advice of this court.

The defendant claims the petition to be insufficient both in form and substance. The alleged defect, in form, is the omission to set out all the evidence introduced on the former trial of the case. The alleged insufficiency in substance is based on various grounds; the principal ones being, that it does not appear but that the evidence claimed to be newly discovered might have been produced on the former trial by the use of due diligence; also because it does not appear that the newly discovered evidence is material, or would be likely, if introduced, to change the verdict; and because it does not appear that injustice has been done.

The rules and principles which govern in applications for new trials are well settled, and they have been so recently

and so fully set forth by this court, in the case of *Pratt* v. *Palmer*, 37 Conn., 563, as to make further discussion of them quite unnecessary.

On the former trial between these parties the action was brought on a policy of insurance issued on the life of Jesse L. Savage, on the 13th of September, 1870, for the benefit of Fannie E. Savage, the present defendant, wife of said Jesse L. Savage. The defence was rested on two grounds: 1st, that the death of said Jesse L. Savage was caused by his own hand, and 2d, that Fannie E. Savage was not the wife of Jesse L. Savage.

The verdict and judgment were against the present plaintiffs.

The first ground of defence is now abandoned. A new trial is sought by the plaintiffs only to prove, more perfectly than before, that the defendant, Fannie E. Savage, was not the wife of Jesse L. Savage.

The result to which we come, as to the sufficiency of this petition in point of substance, makes it perhaps less important to pass specially on the question raised as to its sufficiency in point of form. As no question is now made as to the cause or manner of the death of the assured, but only as to whether the defendant was his wife or not, we see no sufficient reason for requiring the evidence formerly introduced, as to the cause or manner of the death, to be set out at length on the record. We think that might be, as it was, omitted, and still that the petition would not be, and was not, for that cause, in form insufficient.

The question of the sufficiency of this petition in substance presents more difficulties.

On the former trial testimony was offered on the part of the defence to show that Jesse L. Savage was married to Leonora Beals, in the state of Massachusetts, on the 1st of December, 1850, and that they continued to be husband and wife till some time in April, 1866, when by a decree of the Supreme Judicial Court of Massachusetts, the said Leonora obtained a divorce from the said Jesse. Evidence was offered going to prove the marriage of Jesse L. Savage with Fannie

E. Savage on the 14th of December, 1865. The identity of the Jesse L. Savage who married Leonora Beals, with the Jesse L. Savage who married Fannie E. Savage, and took out this policy of insurance, of course became and was a vital point in this part of the defence. If he was not the same man, the evidence amounted to nothing, and was in law inadmissible. The defendant, on the former trial, must necessarily have claimed such identity, and also that it was proved.

A certificate of the marriage of Jesse L. Savage to Leonora Beals on the 1st of December, 1850, was given in evidence. An authenticated copy of the record of the Supreme Judicial Court of the state of Massachusetts was also given in evidence, from which it appeared that Leonora Savage was divorced from Jesse L. Savage, at a term of said court held at Taunton, in the county of Bristol, on the 3d Tuesday of April, 1866.

Frederic Beals was on the stand and testified, among other things, that he knew Jesse L. Savage; that he, the witness, lived in Stoughton, and had lived there forty-two years; that Savage married his sister, Leonora Beals, and that after their marriage they boarded with him four or five months, and then kept house forty or fifty rods from where he lived; that Savage lived with his sister as her husband, he should think, some eight or nine years; that his sister now lived with him, the witness, and had done so nearly all the time for three years past; that she was the same person mentioned in the decree of divorce, introduced in evidence, and that she expected to come to court, but was prevented by sickness, &c.

Mrs. Savage, plaintiff in the former suit, now the defendant, testified, among other things, that when she married Mr. Savage she knew he had had a wife, and was a divorced man; and that he formerly lived in Massachusetts, but she did not know where. She supposed his former wife was living, when she married him, but that she was divorced. She knew nothing about it but what her husband told her, &c.

Now, Leonora Savage, Esther B. Beals, and Ella A. Pierce, all of Stoughton, in the state of Massachusetts, are named as witnesses, and the testimony expected from them is set forth

in the petition. It is a part, and perhaps quite the most important part, of the evidence claimed to be newly discovered.

It is in proof from the record that Leonora Savage was known to the present plaintiffs, as a witness, prior to the former trial. Frederic Beals, her brother, testified that she expected to come to court, but was prevented by sickness. Sickness certainly was a sufficient cause for her not coming, and if she was an important witness her absence was a sufficient reason for the plaintiffs to have obtained a postponement, or a continuance of the case, which doubtless they could have had granted had they asked it. That they did not ask it is satisfactory evidence that they deemed it of little or no importance. That the plaintiffs then knew all that they now know in regard to the character of her testimony, and of the letters and documents which she had in her possession that might have an important bearing on the issues to be tried, we must take to be proved and true. The exercise of due diligence, which we must assume was exercised, demands it.

There is an allegation in the petition that due diligence was exercised, and the demurrer admits as true all the facts that are well pleaded. The mere allegation however is not enough. It must be made to appear that due diligence was used. Here it appears that the witness was expected at court. In assuming that the party calling her knew the substance, if not the details of her testimony—knew, at all events, that it was important enough to be introduced, we assume only what every day's experience in the trial of causes proves to be true. She gave to her brother, to bring to court as a witness, her marriage certificate. Whether she also gave him, or the plaintiffs, the letters now claimed to be important, or whether the plaintiffs knew of their existence before the former trial, is not positively shown. Either of these suppositions is highly probable. At all events, we see no grounds for granting a new trial for any thing that Leonora Savage can testify to, or produce, which was known to her, or which was in her possession, prior to the former trial. Such testimony is in no sense newly discovered. All documentary evidence then in her possession, which can now be obtained, might readily have

been obtained before the former trial by the use of due and ordinary diligence.

Mrs. Esther B. Beals, and Mrs. Ella A. Pierce, her daughter, are witnesses additional to Mrs. Leonora Savage, to prove the identity of the Jesse L. Savage who was the husband of Leonora Beals, with the Jesse L. Savage who married Fannie E. Savage. Both these witnesses reside in Stoughton, Massachusetts. The present plaintiffs had taken measures to get testimony from that locality before the former trial. They had communicated with Frederic Beals and his sister, Mrs. Leonora Savage. The point to be proved was, the marriage of Jesse L. Savage with Leonora Savage, and his identity with the Jesse L. Savage who married Fannie E. Savage. It is strange, to say the least, if Mrs. Esther B. Beals, or her daughter, Mrs. Pierce, knew any important facts not equally well known to Frederic Beals and his sister Leonora, that the plaintiffs should not have been informed of it. The exercise of the most ordinary diligence in making inquiries must have discovered those witnesses. The character of the case was such that there would be every disposition to make the fullest disclosures. The witnesses were neither reluctant nor unwilling; quite ready, apparently, to go voluntarily out of the jurisdiction to give their testimony, and at last restrained only by sickness.

If the testimony of these two witnesses therefore is newly discovered, it is no ground for a new trial, for it might readily have been discovered and obtained before by the exercise of due diligence.

There are other fatal objections to granting a new trial on account of these witnesses. Among them is the fact that, if introduced, it would be merely cumulative to the testimony of Mrs. Leonora Savage, of whom, and of the importance of whose testimony, it is shown that the plaintiffs had knowledge before the former trial. She was not present at that trial, and that may have been a disappointment to the plaintiffs, but they chose to go on without her. So at least it appears, for there is no intimation that any delay or postponement was asked for. It is contrary to well settled principles

to grant a new trial for evidence merely cumulative to evidence not deemed important enough to be introduced when it might have been introduced.

As to the testimony of Messrs. Wightman, Foote and Joyce, whose testimony is claimed as newly discovered, and who are relied on to prove identity by means of handwriting, it is sufficient to say that the plaintiffs had the undoubted signature of the Jesse L. Savage who obtained from them a policy on his life, on the application for that policy. Being in communication with Mrs. Leonora Savage, who had divers letters written and signed by her husband, Jesse L. Savage, proof of the identity of the man, so far as handwriting was concerned, could easily have been introduced on the former trial. If the party deemed it so unimportant as not to introduce it then, it cannot be sufficient ground for a new trial now. They could very clearly have availed themselves of evidence of this character on a former trial, and so this evidence would be in the strictest sense merely cumulative. As to the photograph which is claimed to have been discovered in a secret society, a copy of which it is said can be procured, and as to any other evidence which we have not specifically noticed, if any or all of it is admissible, and would be material, we think it does not appear but that it might have been procured at the first trial by due diligence. Courts are and should be reluctant to disturb the verdicts of juries. In the language of CHURCH, C. J., in *Waller* v. *Graves*, 20 Conn., 310: "If the evidence now relied upon could have been known before the trial by great diligence, and was not, a new trial will not be granted."

We are by no means certain that doubt on this question of identity was the controlling point in the minds of the jury on the former trial, and the one which determined the verdict. There is no doubt but that the plaintiff in that case, now the defendant, proved a marriage in fact of Jesse L. Savage to her, in December, 1865. That she supposed herself to be legally his wife there seems also to be no room for doubt. Jesse L. Savage has now passed beyond the jurisdiction of earthly tribunals, and in the judgment of charity, and per-

haps in truth, it may be said that he honestly supposed him-self to have been divorced when he contracted his second marriage; that the divorce had been obtained at an earlier term of the court than in fact it was. If the jury took this view, and thought that a marriage in fact, contracted in good faith, was sufficient to entitle the plaintiff to recover, their verdict would have been the same as it was, even if all this so called newly discovered testimony had been before them. In that point of view it cannot be called material.

We advise the Superior Court to render judgment in favor of the defendant, that the petition is insufficient.

In this opinion the other judges concurred.