MARTHA A. SELLECK ET AL. *vs.* DANIEL HEAD.

Third Judicial District, Bridgeport, April Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A petition for a new trial upon the ground of newly-discovered evidence is addressed to the sound, legal discretion of the trial court, whose action thereon will not be set aside by this court unless it appears that such discretionary power has been abused, or its limits misjudged to the injury of the petitioner.

The finding of a single additional entry in a diary or journal produced on the former trial and examined at length by the losing party who introduced certain entries therefrom, is not newly-discovered evidence within the meaning of the rules laid down for the guidance of the court in respect to granting or refusing new trials asked for upon that ground ; moreover, such evidence, if newly discovered, is merely cumulative.

The trial court may well refuse to allow an amendment of the complaint, which, if made, would be of no avail to the plaintiff.

Argued April 20th—decided June 14th, 1904.

PETITION for a new trial and other equitable relief, brought

to the Superior Court in Fairfield County where a demurrer to the complaint was sustained (*Case, J.*) and, after a proposed amendment of the complaint had been disallowed (*Thayer, J.*), judgment was rendered (*Elmer, J.*) for the defendant, from which the plaintiffs appealed. *No error.*

*Robert E. DeForest* and *Howard W. Taylor*, for the appellants (plaintiffs).

*Samuel Tweedy*, for the appellee (defendant).

TORRANCE, C. J. The present appeal is taken from the action of the trial court in dismissing a petition for a new trial, on account of newly-discovered evidence, brought by the defendants in the case of *Head* v. *Selleck*, 76 Conn. 706. The defenses in that case were in substance these: (1) that the two judgments sued upon had been paid and satisfied; (2) that Head (the plaintiff in that case) had assigned said judgments to Darius and Benjamin Selleck, who had received from the defendants in that case certain valuable property upon the express trust and agreement that they (said Darius and Benjamin) would pay the two judgments sued upon; that Head was no longer the owner of said judgments, but that said suit was being prosecuted solely for the benefit of said two Sellecks as assignees of said two judgments.

The trial court in that case found in substance that the judgments sued upon had not been paid, that the two Sellecks had never agreed to pay them, and were not the owners of them, but that they were owned by Head, and that the suit was being prosecuted for his sole benefit.

The petition for a new trial sets forth in full all the evidence given in the former case, including certain written entries made by Head, in journals kept by him, extending from October, 1884, down to the time of trial.

The only newly-discovered evidence alleged in the petition is a single entry made in one of said journals, under date of December 2d, 1884, which reads as follows: " After

noon had a long session at bank with the two Sellecks, and passed the judgments I had against the three Sellecks to them and am to prosecute in my name without cost to me." The petition also contains the requisite formal averments usual in such cases.

The evidence in the former case, which formed a part of the petition for a new trial, showed that the journal containing the alleged newly-discovered entry, with other journals kept by Head, had been produced by him in evidence at the request of the petitioners ; that said journals had been impounded and kept in the custody of the court ; that the petitioners had had ample opportunity to examine said journals, and had examined and inspected them as fully as they chose to do ; and that they had put in evidence numerous entries contained in said journals extending from October, 1884, down nearly to the time of trial. The petition also showed that the petitioners had offered in the former case much evidence, which had been received, and which, as they claimed, tended to show that one or both of the judgments sued upon had been assigned to the two Sellecks. Head demurred to the petition because, as he in substance alleged, it showed (1) that the alleged newly-discovered entry was contained in a book which was put in evidence ; (2) that the failure to put in that specific entry, as such, was due to the negligence of the petitioner ; (3) that the alleged newly-discovered evidence was merely cumulative ; (4) that if a new trial should be granted said evidence would not change the result. The court sustained the demurrer upon the first and third grounds, without passing upon the others.

A petition for a new trial, like the one here in question, is addressed to the sound, legal discretion of the trial court, and its action in granting or refusing such trial will not be reviewed or set aside by this court, unless it appears that the trial court has abused the discretionary power confided to it or has refused to exercise such power in a proper case, or has in some way erroneously misjudged as to the limits of such power. *Gannon* v. *State*, 75 Conn. 576 ; *Parsons* v. *Platt,* 37 id. 563; *Hamlin* v. *State,* 48 id. 92 ; *Husted* v.

*Mead,* 58 id. 55.　In the case at bar the petition, together with the exhibits forming a part of it, covers over three hundred printed pages, and for obvious reasons is not reproduced here.　It is enough to say that upon a careful inspection of the petition we think the court below was fully justified in holding that the alleged newly-discovered evidence was not newly discovered, and was merely cumulative, within the meaning of the rules laid down for the guidance of trial courts in granting or refusing to grant new trials on the ground of newly-discovered evidence.

We also think the petition shows that the other grounds of demurrer were well taken; and this being so, the judgment of the trial court should not be set aside, even if it appeared, as the petitioners claim, that the grounds upon which the demurrer was sustained were not well taken.　If this claim were true the judgment below would still be right, though put upon wrong grounds.　The record thus fails to show any reason why the judgment below should be disturbed.

The petitioners moved to amend their petition in certain respects as set forth in the record.　The court refused to allow the amendment, on the ground that the proposed amendment did not obviate the objections to the petition raised by the demurrer, and that for this reason the amendment, if allowed, would not be of any avail to the petitioners. We think the court did not err in refusing to allow the proposed amendment.

There is no error.

In this opinion the other judges concurred.