CHARLES E. WHITE *vs.* SHERWOOD G. AVERY.

Second Judicial District, Norwich, October Term, 1908.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

To entitle a defeated party to a new trial upon the ground of newly-discovered evidence, it is indispensable that he should have made diligent efforts to obtain such evidence upon the former trial. Accordingly, if it appears from the testimony already given and the so-called new evidence—both of which must be set forth in the petition—that the latter might have been readily obtained upon the first trial by the exercise of reasonable diligence, a demurrer to the petition for that cause will be sustained, notwithstanding an allegation that the petitioner used all possible means to obtain the new evidence upon the first trial, since such allegation is not only a mere unsupported conclusion, but one which is controlled, and virtually shown to be untrue, by the other and

more specific averments of the petition and the evidence therein set forth.

The facts alleged in the present case reviewed and the action of the lower court in refusing to grant a new trial sustained.

On demurrer the court considers the entire record and gives judgment for the party who, on the whole, appears to be entitled to it.

Argued October 20th—decided November 11th, 1908.

PETITION for a new trial on the ground of newly-discovered evidence, brought to the Supérior Court in New London County and tried, on demurrer to the petition, by the court, *Robinson, J.;* the court sustained the demurrer and rendered judgment for the defendant, from which the plaintiff appealed. *No error.*

*George W. Melony,* for the appellant (plaintiff).

*William H. Shields* and *Donald G. Perkins,* for the appellee (defendant).

RORABACK, J. The rules and principles which govern in applications for new trials are well settled in this State and have been recently and fully set forth. *Gannon* v. *State,* 75 Conn. 576–579, 54 Atl. 199.

The petition in this case avers that (1) "On November 13, 1901, this defendant brought suit against this plaintiff, returnable before the Superior Court for the County of New London aforesaid on the first Tuesday of December, A. D. 1901, claiming that between October 28, 1901, and November 13, 1901, without the license of the said Avery, the said White by his workmen and servants and teams, entered upon land of the said Avery, described in said writ, and cut, destroyed and carried away and injured 31 trees over one foot in diameter, 34 trees one foot in diameter and 390 trees under one foot in diameter, and claiming damages therefor. (2) On December 11, 1906, in the Superior Court for said County of New London, trial was had of said cause, upon issue joined on the answer of this plaintiff,

before a jury, and a verdict was rendered against this plaintiff for $585 damages, which was accepted by the court and judgment rendered thereon. . . . (7) At and up to the time of the trial this plaintiff has used all possible means of determining what the land was which was so claimed by the said Avery upon which it was claimed this plaintiff had so cut said trees but was unable so to do because the land records of the Town of Bozrah, in which town said land was situated, did not show the title thereto in the said Avery, or what said land was on which said trees were claimed to be cut, but upon the trial it was proved by said Avery that said land had been conveyed to him by a deed which had been lost, and had never been recorded, and this was the first time that this plaintiff had any knowledge of said deed, or had any opportunity of ascertaining how many trees had been cut upon the land in question."

The testimony in the former trial, and the newly-discovered testimony also, appears in full in the petition for a new trial. The newly-discovered evidence upon which the petitioner relies is as follows: "This plaintiff, also S. Arnold Peckham, of Willimantic, Conn., J. Calvin Brown, of Willimantic, Conn., Charles E. Pitcher, Civil Engineer, of Norwich, Conn., and        Pitcher, of Norwich, Conn., together on December 22, 1906, personally inspected the land in question, and in the presence of all said witnesses the said Charles E. Pitcher, Civil Engineer, from information obtained from said lost deed upon the trial, pointed out and showed the exact location of the lines of said land, as claimed by the said Avery, and then and there all said persons on personal inspection counted all trees up to that time cut upon said land, and all said witnesses will testify that on said last named day no more than 241 trees of 2 inches in diameter and more had been cut on said land within six years before the day last aforesaid."

This petition was demurred to on several grounds, the

substance of which was that it appeared from the petition that the evidence was not newly-discovered; that it could have been discovered by the use of due diligence; and that the evidence was merely cumulative in its character. The demurrer was sustained for the reasons therein set forth.

The petitioner's claim that the demurrer admits the allegations of his petition, that he used all possible means up to and at the time of the trial of ascertaining a description of the land upon which it was claimed that said trees had been cut, and the number of trees that had been cut thereon, is hardly tenable. On demurrer the court considers the whole record, and gives judgment for the party who, on the whole, appears to be entitled to it. A demurrer does not admit any averment contradicting what before appears certain on the record. Notwithstanding the allegations in the petition, that the petitioner, before trial, used all possible means of ascertaining a description of the land and trees in question, it further appears that the writ in the former suit contained *a description of the land* and of the trees which were the subject-matter of that controversy. In this connection it is also important to note that it further appears that the suit in the former action was commenced November 13th, 1901, and that judgment was not rendered therein until December 11th, 1906, and that no effort was made to obtain this evidence until December 26th, 1906. To entitle a party to a new trial for newly-discovered evidence, it is indispensable that he should have been diligent in his efforts fully to prepare his cause for trial; and if the new evidence relied upon could have been known with reasonable diligence, a new trial will not be granted. *Norwich & W. R. Co.* v. *Cahill,* 18 Conn. 484, 493; *Waller* v. *Graves,* 20 id. 305, 310; *Travelers Ins. Co.* v. *Savage,* 43 id. 187, 191.

The proposed new evidence at once discloses the facility with which it might have been procured. This evidence

consists of the testimony of five witnesses, who state that on December 22d, 1906, they made an examination of the lot in question and counted the stumps of the trees alleged to have been cut, and that there were no more than 241 trees of two inches in diameter cut upon said lot within six years. The petitioner knew, when the action was commenced in 1901, that Mr. Avery claimed that he had cut and carried away from his land, described in the writ, 31 trees over one foot in diameter, 34 trees one foot in diameter, and 390 trees under one foot in diameter. The stumps upon this lot were in existence and could have been seen and counted by any one making an examination of the land at any time from November, 1901, to the trial in December, 1906. The fact that title to the land in question was shown by parol proof of a lost deed, cannot be accepted as a sufficient excuse in not making an examination of the premises before trial. As already stated, it appears that the writ, issued upon the commencement of the former suit in 1901, described the land of Mr. Avery upon which it was claimed the petitioner had cut a certain number of trees of different dimensions. It further appears, from the testimony given in the first trial, that the petitioner, in the latter part of October, 1901, was informed of the location of this wood-lot, and had pointed out to him the boundaries thereof; that shortly after Mr. Avery had commenced suit, in November, 1901, Mr. White employed a surveyor who ran the lines and made a map of the land in question; that the writ served upon the petitioner furnished a description of the property in controversy and the number and size of the trees claimed to have been cut thereon; that the boundary of this property had been pointed out and a survey made; and that the petitioner neglected for five years to take any steps to procure this evidence until after judgment had been rendered against him. It is quite clear that the petitioner was fairly put upon inquiry to find this alleged newly-discovered evi-

dence long before trial, and it is a little difficult to understand why, during the long period given for preparation, he should not have looked for this evidence where he now claims to have found it after the trial. Such conduct can hardly be said to be reasonable diligence, it cannot even be called diligence.

There.is no error.

In this opinion the other judges concurred.