ADDIE BURNS *vs.* THE STATE OF CONNECTICUT.

Second Judicial District, Norwich, April Term, 1911.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

An apparently thoughtless remark made by a juror to a witness during the trial, without any wrongful motive or intent, will not warrant a new trial to the defeated party unless the remark indicates such a prejudice or bias as to disqualify the juror in the proper performance of his duty.

During a criminal trial the chief witness for the State, who had been on the stand for nearly two days, on returning to the court-room after the noon recess met one of the jurors who congratulated her on her good appearance, and inquired if the woman who accompanied her was her mother, to which she replied in the affirmative and went on into the court-room. *Held* that the trial court did not exceed the limits of its discretion in refusing to set aside the verdict and grant a new trial for that irregularity or impropriety.

This court will not undertake to set aside the action of the court below upon petition for a new trial, unless it appears from the record

that the discretion vested in that court in such matter has been abused.

Argued April 26th—decided July 31st, 1911.

PETITION for a new trial upon the ground of alleged misconduct of a juror, brought to and tried by the Superior Court in New London County, *Shumway, J.;* facts found and judgment rendered denying the petition, from which the petitioner appealed. *No error.*

*William H. Shields* and *John C. Geary*, for the appellant (petitioner).

*Hadlai A. Hull*, State's Attorney, for the appellee (the State).

RORABACK, J. The case for which a new trial is sought was that of the *State of Connecticut* v. *Addie Burns*, reported in 82 Conn. 213, 72 Atl. 1083, in which the petitioner was convicted and sentenced to the Connecticut state prison as an accessory to the crime of having carnal knowledge and abuse of a female under sixteen years of age.

The sole reason for claiming a new trial is the alleged improper conduct of one of the jurors during the trial. It appears that the girl upon whom the assault was committed was one May Burns. She was the first witness for the State, and was under examination before the jury for nearly two days. On the third or fourth day of the trial, after May Burns and her mother had testified, they were returning to the courtroom as the afternoon session was about to commence, when a juror standing in front of the court-house entered into the following conversation with Miss Burns. The juror said: "I want to congratulate you on your good appearance. Is this your mother?" May Burns

replied, "Yes." The girl and her mother then passed the juror and went into the court-room. Neither of them knew that the man who had spoken to them was a member of the jury then engaged in trying the case.

The reasons of appeal in substance are: 1. That the incident described in the finding was a conversation concerning the case on trial, and that, as a matter of law, this court should conclude that wrong had been done the accused, notwithstanding the finding of the lower court that it did not appear that the incident influenced or prejudiced any member of the jury in reaching the verdict. 2. That the incident showed that the juror was biased, prejudiced, and antagonistic to the accused, and was incompetent, and that this court should presume as a matter of law an injustice was done the accused.

By the common law a verdict of a jury was liable to be set aside for their misconduct with but slight regard as to its being prejudicial. While it is the policy of the law to keep courts free from any improper influence or misconduct and all well-grounded suspicions thereof, yet it is now well established that every improper act of a juror in connection with a case on trial will not destroy the verdict. *Pettibone* v. *Phelps*, 13 Conn. 445, 450. A conversation occurring during the trial, between a juror and one not a party to the action, touching upon the case, will not entitle the unsuccessful party to a new trial, if there was nothing in the communication of such character that it would have a probable tendency to bias the opinion of the juror. *Hickox* v. *Parmelee*, 21 Conn. 86, 101.

Although the conduct of the juror complained of was reprehensible, yet it was apparently a thoughtless remark, and free from any wrongful intent. This impropriety was the act of the juror, not the conduct of some other person trying to improperly influence him.

There is nothing in the character of this conversation which of itself necessarily indicates that the juror was so unfavorable to the prisoner that he could not give her a fair and impartial trial.

Petitions for a new trial are addressed to the discretion of the trial court, and its action is not reviewable by this court unless the record shows an abuse of discretion. Especially is this true when such petitions are determined on facts arising upon the trial. A petition for a new trial must allege facts which show that substantial justice was not or may not have been done. It cannot rely on error merely technical; on the contrary, its very foundation is that a judgment technically valid is substantially unjust. *State* v. *Brockhaus*, 72 Conn. 109, 111, 112, 43 Atl. 850.

It is not true, as the petitioner contends, that the law conclusively implies prejudice from misconduct of the kind in question. The misconduct of a trier, whether judge or juror, does not by the act itself justify the granting of a new trial. There must appear to have been prejudice to the unsuccessful party, or at least the probability of it, before a verdict will be set aside. *Wood* v. *Holah*, 80 Conn. 314, 316, 68 Atl. 323.

The Superior Court, after a trial and consideration of the evidence, held that this irregularity afforded no cause for setting aside the verdict, and we cannot say that it did not act within the limits of its discretion.

There is no error.

In this opinion the other judges concurred.