GEORGE E. HALL *vs.* MAGDALENA A. TICE.

Third Judicial District, New Haven, January Term, 1913.
PRENTICE, THAYER, RORABACK, WHEELER and GAGER, Js.

To entitle a defeated litigant to a new trial for newly-discovered evidence, it is essential that he should have been diligent in the preparation of his case upon the original trial; and if the alleged new evidence relied upon could have then been obtained by reasonable efforts, a new trial will not be granted.

In the present case it appeared that a defendant was fully informed by the pleadings that the testimony of a codefendant, who had left the State, was or might be of importance to him, but that he made no special effort to find him, and did not ask for a postponement or continuance of the trial upon that ground. *Held* that under these circumstances the trial court was fully justified in finding that the applicant for a new trial had not exercised due diligence in endeavoring to find the absentee; and that it was also justified in its

conclusion that the alleged newly-discovered evidence would not probably change the result were the cause to be tried again.

The failure of a party, when on the witness-stand, to contradict certain testimony of his adversary, is not necessarily equivalent to an admission that it is true.

An application for a new trial for newly-discovered evidence must set forth the evidence produced on the former trial, in order that the court may see whether injustice was done, and whether the new evidence is likely to reverse the result.

If the adverse party desires to controvert the accuracy of the statement of the former evidence or of the new evidence, or to produce other evidence to be considered in connection with that alleged by the petitioner, he may do so, and for this purpose no pleadings are essential.

Argued January 30th—decided April 17th, 1913.

PETITION for a new trial upon the alleged ground of newly-discovered evidence, brought to and tried by the Superior Court in New Haven County, *Bennett, J.;* facts found and judgment rendered dismissing the petition, from which the plaintiff appealed. *No error.*

*Talcott H. Russell,* for the appellant (plaintiff).

*Henry G. Newton* and *Ward Church,* for the appellee (defendant).

RORABACK, J. The case for which a new trial was sought was that of Magdalena A. Tice v. Milton E. Moore, George E. Hall, the present plaintiff, *et als.,* reported in 82 Conn. 244, 73 Atl. 133. Upon the trial of that action before the Superior Court it became material to determine whether a demand note for the sum of $945, and a second mortgage given to secure it, now owned by Hall, were good and valid. The note was signed by the defendant, Tice, and her husband, was payable to the order of Milton E. Moore, and was given with the understanding that it should not be considered valid unless a certain house were completed by

Moore in accordance with his contract. It also was of importance to ascertain whether the plaintiff herein had notice that this note for $945 would not be due until this house were completed by Moore, and whether any of the money paid by the plaintiff to Milton E. Moore for the note was used in the construction of the house. The issues presenting these questions as between the plaintiff and the defendants in the former case were duly joined in January, 1908, and the trial took place December 30th, 1908.

The plaintiff in his petition for a new trial alleges that the only persons having knowledge as to whether the note of $945 was good and valid unless the house was completed in accordance with the contract, was the defendant herein and Milton E. Moore; and Moore was the only person who had knowledge of the payment of the money used in the construction of the house. It was also alleged that Moore did not testify on the trial of the case, that he was then in parts unknown, and that the plaintiff had exercised due diligence in endeavoring to find this witness. Moore's testimony is the newly-discovered evidence upon which the plaintiff relies in asking for a new trial.

It is claimed in the reasons of appeal that the court erred in finding that "the plaintiff made no special effort to find the said Moore or to obtain his testimony in the trial of the original case"; and in holding that "it is not probable that the new evidence here offered would bring about a different result if the case were tried again." It was also asserted in the appeal that the trial court erred in finding and refusing to find certain facts. A statement of the evidence and rulings in the case were made part of the record under the procedure pointed out by § 797 of the General Statutes.

Concerning the efforts of the plaintiff to find the witness Moore, the trial court states in its finding that

"the plaintiff heard that the witness Moore had left town a few days after he went away, and before the trial of the case of *Tice* v. *Moore.* Moore's wife remained in New Haven for some time after he went away. The plaintiff at some time before the trial of the case . . . inquired of certain men who had been employed by Moore as to the latter's whereabouts, and learned, either from these workmen or one Penny, that he had gone to Philadelphia. The plaintiff asked the said Penny for the address of the said Moore, but did not obtain it. The plaintiff made no inquiry of the wife of Moore. The plaintiff made no special effort to find the said Moore, or to obtain his testimony upon the trial of the original case, and other than as herein set out made no effort whatever to find him or get his testimony." An examination of the record discloses that it justified this finding as made, and that it does not warrant this court in making the changes which are claimed should be made.

It is apparent that Hall was not surprised by the claim made by Mrs. Tice upon the trial of the case in the former action. As against him her claims were fully set forth in her complaint. For almost one year before judgment was finally rendered in Tice v. Hall, Moore, *et als.*, Hall was distinctly notified by the pleadings in that case that the evidence of Milton E. Moore might, as he now claims, be of importance to him. It does not appear that Hall, at any time before or at the trial of Tice against him, intimated that he desired the attendance of Moore. He made no motion or suggestion that he wanted a continuance for any such reason, until after judgment was rendered against him. From his own evidence it appears that he was not seriously aroused as to the necessity of this evidence until after he had had his day in court. The finding that due diligence was not exercised is fully justified.

This application is addressed to the discretion of the court. "This discretion is a legal one: it is controlled by the well-established rules defining the requisites essential to granting a new trial. It may be abused by refusing a new trial where all the essential requisites exist and the injustice of the judgment is apparent, and error may be affirmed where the trial court has erroneously held it had no power to exercise discretion. . . . But, within these limits, the power is discretionary, and its exercise in the denial of a new trial on the ground of newly-discovered evidence cannot be reviewed upon proceedings in error." *Gannon* v. *State*, 75 Conn. 576, 578, 54 Atl. 199. "Petitions for a new trial are addressed to the discretion of the trial court, and its action is not reviewable by this court unless the record shows an abuse of discretion." *Burns* v. *State*, 84 Conn. 518, 521, 80 Atl. 712; *Palmer* v. *Whipple*, 83 Conn. 477, 76 Atl. 1002; *Selleck* v. *Head*, 77 Conn. 15, 17, 58 Atl. 224. "To entitle a party to a new trial for newly-discovered evidence, it is indispensable that he should have been diligent in his efforts fully to prepare his cause for trial; and if the new evidence relied upon could have been known with reasonable diligence, a new trial will not be granted." *White* v. *Avery*, 81 Conn. 325, 328, 70 Atl. 1065.

The Superior Court in the case of Tice v. Moore, Hall, *et als.* found that Hall was not an innocent purchaser, and that he took the note and mortgage subject to the equity affecting Moore; that Moore knew that he must fulfil his contract and complete the house or there would be no consideration for the note; and that the contract was not completed and it was abandoned by Moore. The plaintiff by his reasons of appeal in that case complained because the Superior Court refused to correct its finding so that it would appear that he was a bona fide holder of the note for $945 and the mort-

Hall *v*. Rice.

gage given to secure the same. In support of this contention, Hall caused to be spread upon the record extracts from the report of the trial, which, it was asserted, was all the testimony introduced on this branch of the case. After an examination of this testimony, which covered nearly forty pages of the record, this court denied the motion to correct, and sustained the decision of the Superior Court. 82 Conn. 244, 251, 73 Atl. 133. The Superior Court, upon the trial of the present action, after reviewing the evidence alleged to have been newly-discovered, together with that made part of the record upon the first trial, reached the conclusion and found that the additional testimony would not change the result.

We have no occasion here to attempt a review of all the evidence given upon both trials. Upon this subject it is sufficient to say that, upon a careful examination of the evidence given upon the first and second trials, we are convinced that the trial court gave proper consideration to this aspect of the case.

The plaintiff's contention that the failure of the defendant to contradict the testimony of Moore is equivalent to a conclusive admission that it was true, is not in harmony with the rules of this court, which provide "that a witness testified to a fact without direct contradiction is not of itself sufficient [to establish an undisputed fact]: the trial court must judge of the credit of a witness." Practice Book, (1908), p. 268, § 10.

The plaintiff also contends that the Superior Court erred in compelling him to proceed to trial when the issues had not been properly closed. It appears that no such objection was made when the case was placed upon the trial list, assigned the first time, and reassigned for trial. When the case was reached for trial and the parties were present and prepared for trial, the plaintiff objected to proceeding to trial because the case was

not properly on the trial list as the issues had not been closed. The court overruled this objection, and the trial proceeded upon a general denial of the allegations of the substituted complaint. The plaintiff was not prejudiced by this ruling. But two witnesses were examined by him, and they were present and testified. There is no claim that the plaintiff was taken by surprise or that he was not fully prepared to present his case. And again, this application is addressed to the discretion of the court, and must allege and set forth the evidence produced on the former trial, in order that the court may see whether injustice has probably been done, and whether the newly-discovered evidence is likely to reverse the result. If the adverse party desires to controvert the accuracy of the statement of the former testimony, or the new testimony set forth, or to produce other testimony to be considered with that alleged, he may do so, and for this purpose no pleadings are essential. *Gannon* v. *State*, 75 Conn. 576, 578, 54 Atl. 199.

There is no error.

In this opinion the other judges concurred.