CITY OF MERIDEN vs. JOSEPH ROGERS.

Third Judicial District, New Haven, January Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued January 28th—decided March 3d, 1930.

*Cornelius J. Danaher,* for the appellant (plaintiff).

*Lewis J. Somers,* for the appellee (defendant).

HAINES, J. The original action which gave rise to the present proceeding was brought by the present defendant against the city—for injuries upon the public highway wherein the then plaintiff recovered judgment for $2500 damages, and upon appeal that judgment was affirmed by this court. *Rogers* v. *Meriden,* 109 Conn. 324, 146 Atl. 735.

Upon the present appeal the sole question presented to us is whether the trial court erred in sustaining the defendant's demurrer to the complaint, and in rendering judgment for the defendant. This is a question of law as to whether the facts alleged in the complaint and the exhibits made a part of it by reference, if true, entitle this plaintiff to a new trial of the original action on the ground of newly-discovered evidence. General Statutes, § 5850. Applications for new trials are addressed to the sound discretion of the court and its conclusion will not be disturbed unless its discretion has been improperly exercised. The matter of new trials is controlled by well-established rules. *Gannon* v. *State,* 75 Conn. 576, 578, 54 Atl. 199; *State* v. *Brock-*

*haus,* 72 Conn. 109, 111, 43 Atl. 850; *Selleck* v. *Head,* 77 Conn. 15, 17, 58 Atl. 224; *Palmer* v. *Whipple,* 83 Conn. 477, 76 Atl. 1002; *Burns* v. *State,* 84 Conn. 518, 521, 80 Atl. 712; *McCulloch* v. *Pittsburgh Plate Glass Co.,* 107 Conn. 164, 167, 140 Atl. 114; *Hall* v. *Tice,* 86 Conn. 684, 688, 86 Atl. 560. From this record it appears that Rogers, while upon the witness stand, was asked by his counsel, evidently referring to the time of the injury, "What were you working at?" and he replied, "International Silver Company, Factory H." He was further asked, "and what was your weekly wages?" and he answered, "Thirty seven dollars—$38 a week." "Q. Thirty eight dollars a week?" "A. Thirty seven dollars—$38 in a week." In another exhibit, also made a part of the complaint by reference, it appears that Rogers did not work "full time" every week, but for his last full week he received $38.65; and for the full weeks he worked from this time back in their order he received $36.71, $38.77, $33.12; $30.14, $41.16, $39.19, $36.47, $36.08, $36.23, $41.59, $41.23. Without following the figures further, it thus appears that for the eleven "full weeks" of work immediately preceding the injury his average was $37.33 per week. The closing statement of Rogers that his weekly wages were "Thirty seven dollars—$38 in a week," so far from being "false testimony," as alleged, appears to have been fair and truthful and a very close approximation to his actual full weekly earnings. That the questions put to Rogers and his answers thereto, referred to his wages for full weeks and not to part time earnings, is too obvious to merit discussion. The city was put on notice, if it did not know before, of the place of Rogers' employment, and the means were at its disposal to easily and quickly obtain the information which it now offers as newly-discovered evidence. It is alleged that the direct examination before us is all the evidence

given on this subject and it thus appears that Rogers was not cross-examined thereon.

" 'To entitle a party to a new trial for newly-discovered evidence, it is indispensable that he should have been diligent in his efforts fully to prepare his cause for trial; and if the new evidence relied upon could have been known with reasonable diligence, a new trial will not be granted.' " *Hall* v. *Tice,* 86 Conn. 684, 688, 86 Atl. 560; *White* v. *Avery,* 81 Conn. 325, 328, 70 Atl. 1065; *Travelers Ins. Co.* v. *Savage,* 43 Conn. 187, 191. Moreover, a new trial will not be granted save for strong reasons, upon which a court acting reasonably, would feel bound to act. *Wildman* v. *Wildman,* 72 Conn. 262, 270, 44 Atl. 224.

The city alleges in paragraph five of the complaint, that it was "unable" to discover this evidence "before or during said trial, as said plaintiff did not know where the said Rogers was employed," yet paragraph three of the complaint annexes the testimony of Rogers upon that trial and therein he clearly stated where, by whom, for how long, and at what compensation he was employed. These allegations are contradictory and not proper pleading. A demurrer admits such facts only as are properly pleaded. *Eliot's Appeal,* 74 Conn. 586, 601, 51 Atl. 558. "A demurrer does not admit any averment contradicting what before appears certain on the record." *White* v. *Avery,* 81 Conn. 325, 328, 70 Atl. 1065. The record thus far considered does not disclose the indispensable requisite of prior due diligence in the discovery at the time of the trial, of the evidence now submitted.

Where a plaintiff testified that he had a motor vehicle license, but was not cross-examined upon that point and defendant's counsel made no effort to ascertain the truth of the statement by consulting the office of the motor vehicle commissioner, and after judgment

for the plaintiff, defendant secured an injunction against levy of execution and brought action for a new trial on the ground of perjury by the plaintiff, a new trial was denied. In affirming the action of the trial court, MR. JUSTICE KEELER remarked: "We have to observe at the outset that the trial judge has found a lack of diligence as an ultimate fact, which must stand if reasonably supported by the subordinate facts appearing in the record. . . . The fact assumed great importance in the mind of Andrews' counsel directly after judgment in the action. That he did not realize its importance before, is a clear indication of negligent preparation, and an example of wisdom after the event. Due diligence is manifested by foresight, and a want of it is not excused by activity following disaster." *Andrews* v. *Olaff,* 99 Conn. 530, 537, 538, 122 Atl. 108.

It may further be said that in our view of the essential accuracy of the original testimony of Rogers— the presentation of the evidence now offered could not be expected to change the result of that trial. This in itself would justify denial of the petition. *Apter* v. *Jordan,* 94 Conn. 139, 141, 108 Atl. 548; *Moeller* v. *Johnston,* 91 Conn. 23, 25, 98 Atl. 295; 1 Swift's Digest, pp. 786, 788 (Rev. Ed. 1862, p. 816); *Allen* v. *Pearson,* 89 Conn. 401, 403, 94 Atl. 277; *Hall* v. *Tice,* 86 Conn. 684, 690, 86 Atl. 560; *Widman* v. *Kearns,* 96 Conn. 254, 258, 114 Atl. 77.

There is no error.

In this opinion the other judges concurred.