Cornelius Shea, Administrator (Estate of John J. Shea) vs. Andrew Link, Jr., et al.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued May 4th—decided July 18th, 1933.

*Walter F. Foley,* with whom was *Joseph D. Freedman,* for the appellant (plaintiff).

*Warren D. Maxwell,* for the appellee (defendant The Metropolitan Life Insurance Company).

MALTBIE, C. J. The first of these appeals is taken from a judgment for the defendants in an action wherein the plaintiff sought damages for the death of his decedent, John J. Shea, in an automobile collision while he was riding with the defendant Link. It is conceded that the driver of the automobile was negligent and that his negligence was the proximate cause of Shea's death. The case presented two issues: First, was Link driving the car at the time of the accident or was it being driven by Shea; and second, if Link was driving it, was he then, as an employee of the other defendant, acting within the scope of his employment. The trial court decided both issues in favor of the defendants. If its conclusion that Shea was driving the car stands, the other issue becomes of no consequence. That conclusion is supported by the finding and the entire scope of the appeal is directed to securing changes in and additions to it. Aside from the specific finding that Shea was driving the car, the trial court has found various incidental circumstances from which inferences in support of its conclusion can be drawn. The specific finding that Shea was driving the car did not, however, depend upon circumstantial evidence alone, but was supported by direct testimony. We cannot make any changes in the finding or add to it any of the circumstances which the plaintiff seeks to have included which would substantially alter the situation as portrayed by the trial court or materially affect its conclusion. There is no error upon this appeal.

The other appeal is taken from a judgment of the trial court denying a petition for a new trial of the case upon the ground of newly-discovered evidence. On the trial four witnesses were offered who gave direct testimony as to the collision and the situation thereafter, and their testimony may be briefly summarized

as follows: Henry Reis-Elbara, a witness offered by the plaintiff, who was the driver of the other car involved in the collision, testified that after the accident Shea was lying in the road and Link was slunk down behind the wheel of the car in which he was riding with his hands on it; that he, Elbara, was severely cut about the head and, after talking briefly with the driver of a truck which soon arrived, he left the scene of the accident to go to a house about one thousand feet away to telephone for a doctor; that when he returned, Shea was in the car on the right-hand side, and Link was in the driver's seat. Another witness offered by the plaintiff testified that he had arrived at the scene of the accident after Elbara had returnd to it and he corroborated him as to the position of the men in the car. George L. Jarvis, Jr., a witness offered by the defendants, who was the driver of the truck to which Elbara referred, testified that he was the first man to arrive at the scene of the accident after it happened; that Shea was lying in the road and Link was in the car; that he had a short talk with Elbara who then started to go to the house to telephone; that he, Jarvis, then assisted Shea to rise and helped him into the driver's seat of the car; that Link was sitting in the car, somewhat between the two seats which were in the front of it, leaning upon the wheel but with his legs to the right of the gear shift; that he, Jarvis, asked Link to move over and he did so; that he, Jarvis, then threw to the side of the road the left door of the car which had been torn off in the collision; that he started to move the car so that it would not block traffic; that both men left the car and had a brief talk, which he did not hear; that Link tried to assist him to move the car; that he, Jarvis, finally did move it a short distance; and then, as both men refused assistance and others were arriving he drove away. Link, testifying

in his own behalf, stated that Shea was driving the car; that after the accident Shea was lying in the road; that he, Link, did not know how Shea got back into the car but he did remember that later they both were out of it; that they had a conversation in which it was agreed that Link would take the blame for the accident; and that they both got into the car again, Link taking the driver's seat.

The newly-discovered evidence upon which the petition is based consisted of the testimony of two men who stated that they arrived at the scene of the accident shortly after it happened; that as they approached and were some three hundred and fifty or four hundred feet away they passed a man coming up the road with a handkerchief held to his head; that Link was then in the driver's seat and Shea in the seat on the right, both in a very poor physical condition; that Jarvis was standing around doing nothing and so continued until they left; and that they did not see any door of the car in the road, though they would have done so had it been there. In considering this testimony it is obvious that, unless the evidence of the plaintiff's witness Elbara and of the two defendants' witnesses we have mentioned as to the position of Shea in the road after the accident is to be discarded, the two new witnesses must have arrived at the scene after the situation had radically changed, for Shea was then in the car; and they offered no explanation of how that change came about. Their evidence at most would have contradicted that of Jarvis in certain minor details and would have been the basis for drawing certain inferences tending to affect the credibility of his testimony and that of Link. According to the testimony of both Jarvis and Link, the latter and Shea were out of the car and according to Link and Elbara both were later back in the car with Link

in the driver's seat. The force of the testimony of the new witnesses would almost wholly depend upon the inference that, if they had passed Elbara three hundred and fifty to four hundred feet away from the scene of the accident, the circumstances to which Jarvis and Link testified could not have taken place in the time required by Elbara to go such a short distance; and an inference dependent upon a mere estimate of distance under the circumstances involved in this case, and of the time Elbara would require to travel that distance in his injured condition would necessarily be weak. The new testimony offered certainly added no new fact to the case and we agree with the trial court in its conclusion that it is not probable that it would have changed the result. The trial court did not abuse its discretion in denying the petition. *Apter* v. *Jordan,* 94 Conn. 139, 141, 108 Atl. 548; *Widman* v. *Kearns,* 96 Conn. 254, 259, 114 Atl. 77; *Dudley* v. *Hull,* 105 Conn. 710, 720, 136 Atl. 575; *Meriden* v. *Rogers,* 111 Conn. 115, 116, 149 Atl. 406; *Link* v. *State,* 114 Conn. 102, 107, 157 Atl. 857.

There is no error upon either appeal.

In this opinion the other judges concurred.