EDWARD L. CROOK *v.* MIRIAM E. CLARKE.

HINMAN, AVERY, BROWN, JENNINGS and SIMPSON, JS.

Argued April 8th—decided May 5th, 1938.

*Max M. Sokarl,* for the appellant (defendant).

*Thomas C. Flood,* for the appellee (plaintiff).

JENNINGS, J.   On April 2d, 1936, the plaintiff recovered a judgment against the defendant and no appeal was taken.   On August 22d, 1936, the defendant filed a petition for a new trial on the ground of newly discovered evidence and because the transcript was defective.   Affidavits containing the newly discovered evidence and the claimed corrections of the transcript accompanied the petition, as did the transcript of evidence on the first trial.   At the hearing these were supplemented by a very limited amount of oral testi-

mony. Judgment was entered denying the petition and this appeal is from that judgment.

The petition for a new trial was not in proper form, since it contained no citation to the plaintiff. While such a petition is not an independent proceeding, one brought after final judgment should be accompanied with a citation to the opposing party to appear and be heard. *Gannon* v. *State,* 75 Conn. 576, 577, 54 Atl. 199. The plaintiff here has appeared, filed a stipulation and contested the issue. We shall, therefore, consider the questions raised by the record.

Continuing this informal procedure, the stipulation referred to provided that the court might rule on the petition "as if plaintiff had demurred to a petition setting forth all the testimony contained in said affidavits." This the court proceeded to do. It could not sustain a demurrer which had not been filed but, correctly assuming that the purpose of the stipulation was to enable it to render final judgment, it found the petition insufficient and it was denied.

The petition contained no allegation of due diligence. Due diligence is a necessary condition to success in prosecuting a petition for a new trial. *Meriden* v. *Rogers,* 111 Conn. 115, 118, 149 Atl. 406. As stated in *Andrews* v. *Olaff,* 99 Conn. 530, 538, 122 Atl. 108: "Due diligence is manifested by foresight, and a want of it is not excused by activity following disaster." As noted above, the petition did not even contain an allegation of due diligence and the want of such diligence is not supplied from anything contained in the affidavits or the testimony offered on the hearing of the petition.

A comparison of the evidence at the trial with the affidavits discloses that even if the defendant had met no objections of this character, she did not make out a case. The dispute concerned the location of the east

and west boundary line between the premises owned by the respective parties. The plaintiff claimed that the line followed an old fence, the existence of which was well established, and which bulged away from the plaintiff's house. The defendant claimed that the line was substantially straight. The greatest difference between these lines at any point was two feet and the greatest variation from a straight line a matter of inches. The exhibits indicate that the strip of land in dispute can have no substantial value to the defendant. If the line had been established in accordance with her claim, it would be near enough to the plaintiff's house to cause him some inconvenience. The evidence was voluminous and many exhibits were offered. The new evidence now proffered by the defendant is purely cumulative. Some of it was offered to correct the record as printed. It is doubtful whether this is of any importance in a trial to the court where the evidence has been certified. Be that as it may, none of the corrections sought are such as, if made, would probably affect the result.

"Newly-discovered evidence which is merely cumulative . . . will not suffice ordinarily to grant a new trial, and never unless it appears reasonably certain that injustice has been done in the judgment rendered, and that the result of a new trial will probably be different." *Apter* v. *Jordan*, 94 Conn. 139, 143, 108 Atl. 548, cited in *Gonirenki* v. *American Steel & Wire Co.*, 106 Conn. 1, 11, 137 Atl. 26, in which Chief Justice Wheeler also said, at page 12, that in the consideration of all petitions for a new trial, trial judges should give a first place to this general rule: "There must be an end of litigation, and for that reason the rules governing new trials should be strictly adhered to. *Widman* v. *Kearns*, 96 Conn. 254, 264, 114 Atl. 77." Since, for the reasons stated, the defendant has

not brought her petition within any of those rules, she cannot prevail.

There is no error.

In this opinion the other judges concurred.