ANDREW A. MALASPINA *v.* JACQUELINE A. ITTS

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 12-6511-6676

Argued March 7—decided May 20, 1966

*Walter F. Foley,* of Glastonbury, for the appellant (defendant).

*Samuel H. Teller,* of East Hartford, for the appellee (plaintiff).

RUBINOW, CHIEF JUDGE. On April 23, 1965, Jacqueline A. Itts instituted a paternity action

against Andrew A. Malaspina, alleging that he is the father of a child born to her on January 8, 1965, and begotten "on or about April 1, 1964."[1] On August 6, 1965, the court *(Reicher, J.)* rendered judgment in that action against Malaspina. On November 8, 1965, he brought this petition for a new trial on the ground of newly discovered evidence,[2] alleging in substance that he and his wife were in New York City on April 10, 1964. This was the date on which, according to the petition and supporting exhibits, the mother had testified the child had been conceived in Glastonbury. The answer to the petition was, in effect, a denial of its allegations. Since the answer thus purported to raise an issue of fact, the court heard testimony and on December 22, 1965, rendered judgment granting the petition. This appeal was taken from that judgment.[3]

In taking the appeal, the defendant did not request a finding and none was made. Therefore, this being a civil action, we consider only error claimed "upon the face of the record." Practice Book § 957; *American Finance Corporation* v. *Webb,* 23 Conn. Sup. 346, 1 Conn. Cir. Ct. 230. Specifically, on this record we consider the allegations of fact in the petition as proved and limit our inquiry to the question whether those allegations support the judgment. *Postemski* v. *Watrous,* 151 Conn. 183, 185.

In determining whether to render a judgment granting a new trial, the trial court is vested with a

---

[1] The file in the original paternity action is not part of the record on appeal; we have, however, taken judicial notice of it. See *McCleave* v. *Flanagan Co.,* 115 Conn. 36, 39.

[2] "Sec. 51-262. NEW TRIAL. REHEARING. The circuit court may grant a new trial under the conditions established in section 52-270 [Causes for which new trials may be granted]. . . ."

[3] An appeal may be taken from a judgment granting a petition for a new trial. *Palverari* v. *Finta,* 129 Conn. 38, 41; compare *Hoberman* v. *Lake of Isles, Inc.,* 138 Conn. 573 (appeal may not be taken from granting motion for new trial).

broad discretion. *Costello* v. *Costello,* 139 Conn. 690, 695. That discretion must, nevertheless, be exercised within the framework of the established rules, which were formulated in recognition of the public policy against relitigating issues already litigated. *Crook* v. *Clarke,* 124 Conn. 317, 319. These rules, with particular reference to newly discovered evidence as a ground for a new trial, require that such evidence be (1) newly discovered, (2) material, (3) of such a nature that it could not have been discovered and produced at the original trial by the exercise of due diligence, (4) not merely cumulative and (5) likely to produce a different result. *Turner* v. *Scanlon,* 146 Conn. 149, 163. Of these five requirements, the second and fourth have not been briefed, and the fifth we cannot consider because the evidence necessary for considering that requirement is not part of the record.[4] We shall, therefore, consider only the first and third requirements.

Taking up the first requirement, we consider whether the court erred in ruling that the evidence that the plaintiff was in New York City on April 10, 1964, is newly discovered evidence. This evidence relates exclusively to the whereabouts of the plaintiff himself on that date. It is information about himself that, prior to trial, he had personal knowl-

[4] It is apparent from the memorandum of decision in the original action, which we have consulted to ascertain the testimony available to the court in that action (see *Bridgeport Hydraulic Co.* v. *Sciortino,* 138 Conn. 690, 694), that the trial court had compared the appearance of the putative father with that of the child and had given weight to this comparison in arriving at its decision. Where, as in the present case, the decision of the trial court in the original action is based on evidence that cannot be made part of a record, the petition for a new trial should be heard by the judge hearing the original case, for otherwise there is no sound basis for a rational determination of the question whether the new evidence would be likely to produce a different result. Moreover, whenever feasible, petitions for a new trial should be heard by the judge hearing the original case. See 66 C.J.S., New Trial, § 118 (b); 39 Am. Jur., New Trial, § 178.

edge of from his own experience and activities. Such evidence is not, as a matter of law, newly discovered. Thus, in *State* v. *Dortch,* 139 Conn. 317, 326, the court said: "In the first place, this evidence was not newly discovered, because it related to actions of Dortch himself, of which he must have known." Similarly, in *Zullo* v. *Zullo,* 138 Conn. 717, the court held: "The evidence was not newly discovered. The exhibit in which it is summarized shows that each item was within the knowledge of the plaintiff herein at the time of the trial of the former case." The plaintiff seeks to avoid this "within-the-knowledge" rule by a claim that he has a "poor recollection of dates." Such a claim may justify a court in regarding the new evidence as newly remembered, but newly remembered evidence is not tantamount to newly discovered evidence. "Forgotten facts do not constitute newly discovered evidence, and the want of recollection of a fact, which by due diligence and attention might have been remembered, is not ground for a new trial." 39 Am. Jur. 169, New Trial, § 161. "[A] new trial will not be granted on the mere after-recollection of a former witness." *Shields* v. *State,* 45 Conn. 266, 270; see *Gannon* v. *State,* 75 Conn. 576, 583. The trial court erred in concluding that the evidence set forth in the petition is newly discovered evidence.

Turning to the requirement of due diligence, we consider this question, on this record, on the facts pleaded in the complaint and exhibits, notwithstanding the general allegation in the complaint that the plaintiff used due diligence. See *Meriden* v. *Rogers,* 111 Conn. 115, 118; *White* v. *Avery,* 81 Conn. 325, 328. Due diligence, in connection with a petition for a new trial, means that the petitioner must be "diligent in his efforts fully to prepare his cause for trial; and if the new evidence relied upon could have been known with reasonable diligence, a new

trial will not be granted." *White* v. *Avery,* supra. On the issue of due diligence, the plaintiff alleged two reasons why the evidence was not discovered before trial. The first is that he "failed to confide the fact that he was involved in the [paternity] action to his wife." Although this is a reason why the new evidence was not discovered before trial, it is not a reason why the new evidence could not have been discovered. Indeed, this allegation establishes that the plaintiff failed to make inquiry of a person who, he should have known, was capable of supplying what he now puts forth as new evidence. Failure to make such an inquiry constitutes a lack of due diligence. "[L]ack of diligence is shown by a failure to make inquiry of persons who were likely to know the facts in question . . . ." 39 Am. Jur. 169, New Trial, § 161. More specifically, due diligence requires that the petitioner make inquiry of any member of his family who is able to furnish relevant evidence. *Lewis* v. *Nichols,* 164 Ore. 555, 574. Further, this allegation establishes that the new evidence could have been discovered before the trial by the same means and by the same diligence as it was discovered after the trial. Under those circumstances, the failure to discover the evidence before trial constitutes a lack of due diligence. *Henderson* v. *Bjork Monument Co.,* 222 Minn. 241, 248.

The second reason alleged by the plaintiff for not discovering the new evidence before trial is that he was "unprepared" to show where he was on April 10, 1964, because the paternity complaint alleged that conception occurred "on April 1, 1964," and no evidence was introduced to show that conception occurred "on or about April 1, 1964." Contrary to this allegation, the complaint did allege that the child was begotten "on or about" April 1, 1964, and this, coupled with the allegation that the child was

born on January 8, 1965, was sufficient to put the plaintiff on notice that some day other than April 1, 1964, might be claimed as the day of conception and to alert him to the necessity of obtaining and introducing evidence on that issue.

Further, the plaintiff himself alleged that "on said trial" it "became and was a material question" whether he begot the child in Glastonbury during the evening of April 10, 1964. When that material issue arose, it became the duty of the plaintiff to obtain and introduce evidence concerning it, but the record does not disclose any attempt by him in the original trial to account for his whereabouts on that day. If the plaintiff was "unprepared" on that issue, it was not because the pleadings or the evidence failed to apprise him of the issue. If he was surprised by the evidence, he should at least have made such a claim at the trial and attempted to obtain a postponement on that ground. "Even granting that the defendant was surprised by such testimony, still he had an opportunity before the trial ended of questioning his . . . [wife] and of searching his mind and his records to ascertain whether or not he was in . . . [Glastonbury] on . . . [April 10, 1964]. Apparently, he did not see fit to do so at that time, nor did he invoke the assistance of the court for additional time, if required." *Eckstein* v. *Caldwell*, 61 R.I. 142, 149. In brief, this claim of the plaintiff that he was "unprepared" affords no legally cognizable justification for not introducing the evidence at the original trial, nor does it lend any support to his claim that he exercised due diligence.

Thus, the essential facts established by the allegations of the petition are that the plaintiff failed to inform his wife of the paternity action and to make inquiry of her concerning his whereabouts on April 10. As a result, he was not prepared to introduce

the evidence on that issue at the original trial. These facts establish lack of due diligence as a matter of law.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion DEARINGTON and LEVINE, Js., concurred.