*Fairfield,*
June, 1840.

### SELLECK *against* THE SUGAR HOLLOW TURNPIKE COMPANY.

Selleck
*v.*
The Sugar Hol.
low Turnpike
Company.  | 13  453|
| 72  114|

*Qu.* Whether a person, who, being an inhabitant of a town in this state, was admitted and sworn as an elector, who afterwards removed into another state, wherein he acquired a settlement, and was qualified to exercise the electoral franchise ; and who then returned to this state and became domiciled here, can be an elector of this state, without being admitted and sworn anew.

*Qu.* Whether the exception that one of the jurors was not, at the time of the trial, an elector of this state, can be taken after verdict.

Where on a motion in arrest of judgment after verdict, on the ground that one of the jurors was not an elector of this state, it was not alleged or shewn, that this fact was not known to the party making the motion, at the trial ; it was held, that if the existence of the fact was then known to the party, and he then omitted to make the objection, such omission amounts to a waiver, and consequently, the motion in arrest must be overruled.

The party making a payment has a right to direct its application ; but if he make no application, at the time of payment, the other party may do it.

A new trial will not be granted for a mis-direction, or an omission in the charge, if the party moving for such new trial, has not thereby sustained any injury.

Where the general principle applicable to the case, laid down in the charge, is correct, a new trial will not be granted for the want of a more particular direction, unless it was pointed out to the court and asked, at the trial.

THIS was an action of *assumpsit,* for services rendered by the plaintiff, upon the road of the defendants. There were three counts in the declaration ; the two first special, and the third a general count for work and labour. According to the averments in the first count, the plaintiff contracted with the defendants to make certain sections of their road and the bridges thereon, and that the same should be completed on or before the 1st day of *November,* 1831. The time of completing the road and bridges stated in the second count was the same as in the first count, *viz.* the 1st day of *November,* 1831, with the following additional averment, *viz.* that on the 1st of *October,* 1831, it was mutually agreed, by and between the plaintiff and the defendants, that the time for performing said agreement should be extended to the 1st day of *August,* 1832.

The cause was tried at *Danbury, October* term, 1839, before *Church,* J.

*Fairfield*,
June, 1840.

Selleck
*v.*
The Sugar Hol-
low Turnpike
Company.

On the trial, the plaintiff, in support of the third count in his declaration, introduced *Lewis Bradley* as a witness, who testified, that the plaintiff constructed several sections of the defendants' road ; and also testified in regard to the value of the plaintiff's work and labour, in constructing those sections. On his cross-examination, by the defendants, he testified, that he thought the plaintiff had *agreed* to construct those sections for less than he could afford ; and upon further cross-examination, he said that he understood from the plaintiff, that he had agreed to construct those sections, for certain specific prices ; but what the contract was, in this respect, and whether it was in writing, he did not then remember ; nor did he know where it was. *Matthew L. Barber*, another witness introduced by the plaintiff, testified to the same effect.

The defendants thereupon objected to the testimony of these witnesses, on the ground, that the plaintiff was entitled only to the contract price ; and then only, if the contract had been performed by him. The court having doubts respecting the existence of a specific contract in this respect, admitted the evidence *pro hac vice*.

In the further progress of the trial, it was admitted, that there was a written contract made by the parties ; and it was proved, that it was deposited with the clerk of the defendants, and, upon search, could not be found. It was admitted, by the plaintiff, that he did not perform the contract set forth in his first count, by the 1st day of *November*, 1831 ; and he made no claim to recover upon that count. There was no evidence that the defendants had agreed to extend the time for the performance of the contract by the plaintiff, from the 1st day of *November*, 1831, to the 1st day of *August*, 1832, as alleged in the second count ; and therefore, the plaintiff did not claim to recover upon that count. But the plaintiff claimed, and introduced evidence to prove, that the defendants had extended the time of performing the contract from the 1st day of *November*, 1831, a reasonable time ; and that within such reasonable time, he had made and completed the road, in all respects according to the contract ; and that the defendants had accepted the road, as completed according to the contract, and had waived all objections to the time and manner

of performance ; and thereupon he claimed a right to recover upon the third count.

*Fairfield,*
June, 1840.

Selleck
*v.*
The Sugar Hol-
low Turnpike
Company.

The defendants denied that they had ever extended the time of performance, beyond the 1st day of *November,* 1831 ; and denied that the road was made as wide as the contract required ; and also denied, that they had ever accepted the road, or waived any objections to the time and manner of performing the contract ; and they, therefore, claimed, that the plaintiff, not having performed the contract, was not entitled to recover any thing upon the third count.

Upon these claims of the parties, the court charged the jury as follows : " If you find, that there was an extension of the time for the performance of the contract agreed upon by the parties, from the time originally fixed, without finding any definite time, it is to be considered as extending to a reasonable time. If you find that the time for the performance of the contract had been thus extended to a reasonable time, after the 1st of *November,* 1831 ; and if you also find, that within such reasonable time, the plaintiff, in all essential particulars, fulfilled the contract ; in such case, he is entitled to recover upon the third count in the declaration. But if you find, that the contract was not thus completed by the plaintiff, within such reasonable time, then he cannot recover on the third count, unless you shall find, that the defendants waived all objections on that account, or accepted the road as completed in conformity with the contract ; and in that event, the plaintiff cannot recover a sum greater than the contract prices, how much soever it might have been reasonably worth in the opinion of witnesses ; but you may award, under this count, a less sum than the contract prices, if, under all the circumstances, it is reasonable you should do so, by reason of deficiencies in the construction of the road, if any such deficiencies are proved."

The plaintiff also claimed to recover upon the third count, the sum of 86 dollars, 50 cents, for work and labour performed by him, for the defendants, upon the road, at their request, independently of the contract. The defendants admitted, that services had been performed, as claimed by the plaintiff ; but they claimed, that the plaintiff had been paid for them. To prove this, the defendants exhibited their book of accounts with the plaintiff, in which they had given him a credit for the

*Fairfield,*
June, 1840.

Selleck
*v.*
The Sugar Hol-
low Turnpike
Company.

sum of 86 dollars, 50 cents; and this was all that was standing to the credit of the plaintiff on such book. On the *debit* side of their book, the defendants had charged to the plaintiff various sums, amounting in the whole to 1900 dollars, which had been paid, by them, to the plaintiff from time to time, for his work and labour on the road. About 300 dollars of this sum was charged to the plaintiff after he had performed his services; and 65 or 70 dollars only, was charged after said sum of 86 dollars, 50 cents, was allowed and credited, by the defendants, on their book. This was all the evidence to prove payment of the sum in question.

On this subject, the court charged the jury as follows: " The defendants, when they paid money to the plaintiff, had a right to direct to which of the debts the money so paid should be applied; but if they did not make the application, then the plaintiff had a right to make it. If you believe that, under this principle, either party made the application of the moneys paid since these services were rendered, you will be governed by it, in considering the question of payment. But if no application has been made, by either party, it is the duty of the jury to say, under the circumstances, whether any, and how much, of the moneys paid since this debt accrued, should be applied in payment of it."

The jury found for the plaintiff on the third count, with 750 dollars damages; and for the defendants, on the other counts. The defendants thereupon moved for a new trial for a mis-direction.

The defendants also moved in arrest of judgment, alleging, that *John Scribner*, one of the jurors in said cause, who was sworn as such, who sat as such in the trial of said cause, and who as such concurred in said verdict, was not by law qualified to act as such juror on said trial, and was not, all the time of said trial, an elector of this state, but, on the contrary, was an elector of the state of *New-York,* or of some other jurisdiction or government.

The plaintiff denied the truth of the fact stated in the motion. The court found, that said *John Scribner*, for want of a full panel of jurors, was called upon as a talesman, to sit in the cause; that he was duly sworn as a juror, sat as such, and concurred in the verdict which was rendered; that in the year 1804, he was a settled inhabitant of, and a freeholder

in, the town of *Danbury*, in this state, and so remained for many years afterwards; that he subsequently removed to the state of *New-York*, and acquired a settlement in that state, and was qualified, by the laws of that state, to vote in elections for state officers; that afterwards, and more than six months before the trial of this cause, he returned to this state to reside, and has ever since resided, and had his domicile, in the town of *Danbury*, and was, when called to sit as a juror in this cause, a freeholder therein : that while he was a settled inhabitant of this state, and long before his removal therefrom, he was duly admitted to be a freeman or elector of this state, in the town of *Danbury*, and was duly sworn as such, and exercised all the rights of such freeman or elector, until his removal ; that he has never since that time taken the oath of an elector in this state, but has not, by any act, forfeited the privilege of an elector, or been in any way disfranchised, unless the facts above stated, operate as a forfeiture or disfranchisement.

The motion for a new trial, and the motion in arrest, were both reserved for the consideration and advice of this court.

*Bissell* and *Booth*, in support of the motions, contended, 1. That the judgment should be arrested, because *Scribner* was not legally qualified to act as a juror. Though a freeholder, he was not an elector ; and by our present law, no one not an elector, though a freeholder, can be a juror. None but citizens of this state, can be electors here. By removing from the state, and residing abroad, as stated in the finding, *Scribner* ceased to be a citizen of this state ; and by losing his citizenship, he lost that to the existence of which citizenship is indispensable. His regaining citizenship, does not restore the right to vote ; for the citizenship is indispensable to the right ; yet it does not, of itself, confer it. Citizenship can exist without the right to vote. On *Scribner's* return, he could regain each right he had lost, in the manner appropriate to the acquisition of that right, and in no other way ;—his citizenship, in the manner in which mere citizenship may be originally acquired, and the right to vote, in the manner in which that right may be originally acquired.

2. That the charge was erroneous. The 86 dollars, 50 cents, was all the debt that the defendants recognized.

*Fairfield,*
June, 1840.
____

Selleck
*v.*
The Sugar Hollow Turnpike Company.

*Fairfield,*
*June, 1840.*

Selleck
*v.*
The Sugar Hol-
low Turnpike
Company.

They paid the plaintiff 300 dollars, *after it became due.* The facts themselves showed payment ; and so the court should have charged the jury,—especially, as it does not appear, that the defendants owed the plaintiff any thing else. The time when the entry is made can be of no importance : the legal effect of the facts must be the same. *Bosanquet* & al. v. *Wray* & al. 5 *Taun.* 597. *Hammersley* & al. v. *Knowleys* & al. 2 *Esp. Rep.* 666. *Blinn* v. *Chester,* 5 *Day,* 166. *Tayloe* v. *Sandiford,* 7 *Wheat.* 14. But the court left the jury to make the application, in the absence of any application by either of the parties. In such case, the *law* makes the application, not the jury. The judge should have instructed the jury what application to make. *Field* & al. v. *Holland* & al., 6 *Cranch* 8. *The United States* v. *January* & al., 7 *Cranch* 572. *The United States* v. *Kirkpatrick* & al., 9 *Wheat.* 720. *Fairchild* & al. v. *Holley* & al., 10 *Conn. Rep.* 175. 179. *Birch* & al. v. *Tebbutt,* 2 *Stark. Ca.* 74. 76.

*Hawley* and *Butler,* contra, contended, 1. That upon the facts found, the motion in arrest ought to be overruled. *Const. Conn. art.* 6. *s.* 1.

2. That the charge relative to the application of payments, was correct ; but if not, it was wholly immaterial, and no injustice has been done. *Hoyt* v. *Dimon,* 5 *Day* 479. *Williams* v. *Cheeseborough,* 4 *Conn. Rep.* 356. *Fitch* v. *Chapman,* 10 *Conn. Rep.* 9. *Johnson* v. *Blackman,* 11 *Conn. Rep.* 342.—358. *Seare* v. *Prentice,* 8 *East,* 348. *Hunt* v. *Burrel* & al., 5 *Johns. Rep.* 138. *Smith* v. *Brush,* 11 *Conn. Rep.* 368.

3. That the charge relative to the right of the plaintiff to recover under the third count, was proper. *Londregon* v. *Crowley,* 11 *Conn. Rep.* 559. 1 *Chitt. Plead.* 138.

4. That the testimony of *Bradley* and *Barber,* at that stage of the trial, was properly admitted. It was incumbent upon the plaintiff to establish the facts proved by those witnesses.

WAITE, J. 1. The defendants claim, that the verdict in this case should be set aside, and a new trial granted, because one of the jurors, as they insist, was not an elector, and consequently, not duly qualified to act as a juror. Whether he was destitute of the requisite qualifications, depends upon the

effect produced by his removal from this state.    Did it destroy his electoral privileges here; or merely suspend them, while he had his domicile in another state?    If the latter effect only was produced, then the juror possessed the requisite qualifications; but if he lost these privileges, by his removal from this state, then he would not be qualified to act as a juror, until he had been again admitted an elector.

*Fairfield*,
June, 1840.

Selleck
*v.*
The Sugar Hollow Turnpike Company.

But further, suppose he was not an elector; can the exception properly be taken after the verdict?    Unquestionably it would have been a valid objection, when the jury were empannelled.    But does it furnish a sufficient ground for setting aside the verdict?    In a late case before the *King's Bench* in *England*, one of the defendants, having been convicted upon an indictment for a conspiracy, moved for a new trial, upon an affadavit that a special juror, who served on the trial, was an alien; and that the fact was not known to him until after the trial; and the court refused to set aside the verdict.    Lord *Tenterden*, C. J., remarked, that he was not aware that a new trial had ever been granted, on the ground that the juror was liable to be challenged, if the party had an opportunity of making his challenge.    *The King* v. *Sutton* & al. 8 *Barn. & Cres.* 417.

But we do not deem it necessary to express an opinion upon either of these questions, because there is another objection to this motion, which must prevail.    It is not alleged in the motion, nor does it in any manner appear, that the defendants did not know of this objection, at the trial.    If they did, they were bound to make it, at that time : their omission amounts to a waiver.    A party cannot be permitted to lie by, after having knowledge of a defect of this kind, and speculate upon the result; and complain only when the verdict becomes unsatisfactory to him.

To entitle him to relief, after verdict against him, he must shew, in his motion, that he had no knowledge of the objection, until after the trial.    *Orrok* v. *Commonwealth Ins. Co.*, 21 *Pick.* 456.    *The Queen* v. *Sullivan* & al., 8 *Ad. & Ellis*, 831.    *Herbert* v. *Shaw*, 11 *Mod.* 118.

2. It is also claimed, by the defendants, that the instructions given to the jury, were erroneous, in relation to the application of the payments.    If they were, it is difficult to see, from the facts disclosed in the motion, how the defend-

*Fairfield,*
June, 1840.

Selleck
*v.*
The Sugar Hol-
low Turnpike
Company.

ants have been injured.   There was no controversy as to the small item of 86 dollars, 50 cents ; nor as to the payments. The great question was, whether the plaintiff was entitled to recover for the services rendered under the special contract. The amount of the verdict shows, that upon that point, the jury found in favour of the plaintiff.   Now, whether the jury applied a part of the payments in satisfaction of the small item, and the remainder toward the work done under the contract, or applied all the payments upon the latter account, and included the small item in their verdict, it would seem that the result would be substantially the same, in the one case as in the other.   The rule is perfectly well settled, that a new trial will not be granted for a misdirection, or an omission in the charge to the jury, if the party moving for a new trial has not sustained any injury thereby.   *Hoyt* v. *Dimon*, 5 *Day* 479.   *Williams* v. *Cheeseborough,* 4 *Conn. Rep.* 356. *Johnson* v. *Blackman*, 11 *Conn. Rep.* 342.

Further, the court instructed the jury, that the defendants, when they made the payments, had a right to direct their application ; and that if they did not make any application, the plaintiff might do it.   The instruction, thus far, was unquestionably correct ; and no complaint is made against it. *Peters* v. *Anderson,* 5 *Taun.* 594.

But it is said, the court ought to have gone further, and told the jury, in what manner the law would apply the payments, in case no application had been made, by either party. It is difficult to see what more could well have been said upon the subject.   At any rate, it does not appear, that anything more was required, at the trial.   Had the defendants wished further instructions, it would have been their duty to ask for the instructions ; and having omitted to do it, they cannot now complain of the omission of the court.

In our opinion, the defendants are not entitled to a new trial, upon either ground.

In this opinion the other Judges concurred, except SHER-MAN, J., who gave no opinion, having been of counsel in the cause.

New trial not to be granted.