ELIZABETH McCARTEN *vs.* THE CONNECTICUT COMPANY.
NELLIE L. KRAUSE *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, Bridgeport, October Term, 1925.

WHEELER, C. J., CURTIS, KEELER, MALTBIE and HAINES, Js.

In addition to the statutory grounds for the disqualification of jurors (General Statutes, § 5681, and Chapter 194 of the Public Acts of 1925) there are further challenges to the polls, recognized by the common law, and based upon alienage, infancy, prior conviction of certain infamous crimes, and bias or prejudice.

Challenges for bias or prejudice are of two classes, principal challenges and challenges to the favor.

A principal challenge is one where the connection between the prospective juror and either party to the suit is of such a close nature that, when the facts concerning it are proved, the disqualification is conclusively and irrebuttably presumed; as, for example, where it appears that they are relatives, or that the juror has formerly served as an arbitrator on either side, or that he is interested in the outcome of the suit either personally or as a member of a corporation, or that he stands to either litigant in the relation of master, servant, steward, attorney, landlord or tenant, or that he has conversed with either litigant upon the merits of the case, or has formed or expressed an opinion concerning it.

A challenge to the favor, on the other hand, is one where the connection, being more remote, gives rise only to probable circumstances of suspicion and not to a conclusive presumption of disqualification; and in ruling upon such a challenge, the trial court must exercise a sound discretion in determining whether, upon the facts presented, the juror can perform his duty fairly and impartially.

McCarten *v*. Connecticut Co.

It is a general rule that a cause for disqualification which is ground for a principal challenge and which relates to the strictly legal capacity of the juror to serve, is healed by the verdict, after which there is no remedy; whereas the existence of a cause for disqualification affording a basis for a challenge to the favor and presenting an issue of fact to be determined by the trial court, entitles the complaining party to a new trial unless the cause was known to and waived by him during the original proceeding, or unless it appears that the disqualification was harmless.

One of the jurors in the present cases, who participated in the return of verdicts for the defendant, was a retired baggage master and pensioner of a railroad company which owned all the capital stock of the defendant corporation. The plaintiffs and their counsel were ignorant of this situation until after the verdicts were rendered, at which time they made motions in arrest of judgment which were denied by the trial court. *Held* that the trial court did not err, since it did not appear that the juror acted in bad faith or that he even knew of the connection between the two companies; and that, in the absence of such facts, there was presented, at most, a harmless, technical disqualification which could not be considered ground for new trials.

The trial court found that the plaintiffs' counsel knew of the ownership of the defendant's stock by the railroad company and that in previous trials against the same defendant, he had questioned prospective jurors concerning their relations with the railroad. *Held* that the finding as to his knowledge could not be supported, either on the ground that it was a fact of common repute among the legal profession, or upon the ground that, during his argument upon the motions in arrest of judgment, he did not deny the assertion of opposing counsel, that he was fully informed as to the ownership of the defendant's stock; and that the finding concerning his conduct at previous trials was not supported by the evidence.

Argued October 30th—decided December 23d, 1925.

ACTIONS to recover damages for personal injuries alleged to have been caused by the negligence of the defendant company, brought to the Superior Court in New Haven County and tried to the jury before *Booth, J.;* verdicts and judgments for the defendant, and appeals by the plaintiffs. *No error.*

Plaintiffs also filed in this court motions to rectify

the appeals, which by stipulation of counsel were presented with the appeals. *Motions granted.*

*Charles S. Hamilton,* for the appellants (plaintiffs).

*Seth W. Baldwin* and *Charles A. Watrous,* for the appellee (defendant).

HAINES, J.   The finding in this case shows that the New York, New Haven and Hartford Railroad Company, at the time of the trial, owned the stock of the defendant, The Connecticut Company, but had no control whatever over the management of the latter, that one of the jurors, Mr. Munn, was a pensioner and a former baggage-master of the railroad company; and that these facts regarding the juror were unknown to plaintiffs' counsel.

The question raised by the appeal is whether Mr. Munn was thus disqualified for service on the jury panel in the trial of these cases against the Connecticut Company; and if these facts did disqualify him, the further question is presented whether that disqualification was waived by the plaintiffs by anything disclosed by the record.

Prior to the disposition of these questions, our attention is directed to an application made in this court to rectify the appeal on the ground that paragraph six of the finding should be stricken from the record. The paragraph, to which objection is made, reads as follows: "6.   The attorney for the plaintiffs in the above entitled cases was aware of the character of the relationship between the defendant, The Connecticut Company, and the said railroad, and on previous trials of causes against The Connecticut Company had specifically questioned prospective jurors as to their relationship with the said railroad, as well as with The Connecticut Company."   In the trial court the plain-

tiffs made a similar motion, basing it upon the claim that the paragraph in question was not supported by the evidence. The trial court filed a memorandum of decision denying the motion and giving reasons therefor. To the application in this court, the defendant entered a general denial, and written arguments were filed under the provisions of General Statutes, § 5836. Attached to the present application are the motion made in the trial court, the memorandum of decision, and the official stenographer's transcript reciting the facts surrounding the examination of the prospective jurors and a statement of what transpired at the hearing on the motion.

The question is whether there are any statements of witnesses, or statements or admissions of counsel, or any proper matters of judicial notice which can be discovered in the record before us to justify these findings of fact. The evidence given by witnesses is brief and contains no hint that either plaintiffs or their counsel had any knowledge of the fact that the railroad company owned the stock of the defendant company. Nor do we find anything in the record which in any way shows that plaintiffs' counsel "on previous trials of causes against the Connecticut Company had specifically questioned prospective jurors as to their relationship with the said railroad as well as with the Connecticut Company."

It is to be noted, moreover, that if this portion of the finding was justified by anything before the trial court, it was, after all, merely evidentiary in itself as tending to show that counsel knew of the relationship, and this latter is specifically stated as a fact in paragraph six of the finding, as follows: "The attorney for the plaintiffs in the above entitled cases was aware of the character of the relationship between the

defendant, The Connecticut Company, and the said railroad."

We find nothing in the record to support this conclusion save the suggestion contained in the court's memorandum of decision: ". . . It is, however, a fact of common knowledge among the legal profession that some ownership of The Connecticut Company exists in behalf of the railroad, and upon argument of this motion, counsel for the defendant stated that plaintiffs' counsel was aware of the character of this relationship. . . . This is not denied and the court must therefore assume it to be true." This was obviously the source of the court's conclusion.

We do not think these conditions can fairly be held to be of such "common knowledge" to the legal profession, or to the layman, that it could be specifically found that counsel for the plaintiffs, or the plaintiffs themselves, knew them. Nor do we think it follows that a declaration by defendant's counsel that the plaintiffs' attorney knew, must be assumed to be true because the latter made no denial. We do not think the facts upon the record, bring this within the rule permitting a conclusive inference. There are too many possible explanations of such a failure, to justify invoking the rule. The exact language in which, or the circumstances under which, the statement was made, is not of record, nor is it found that the statement was or should have been heard or understood by plaintiffs' counsel. Upon the record as it stands, we feel the court was not justified in thus accepting the fact as established. Without a more detailed statement of the subordinate facts, the connection is too tenuous to justify action which might have a vital bearing upon the rights of the plaintiffs. The application to rectify the appeal by striking out paragraph six of the finding, is granted.

As the record stands then, we come to the first four questions raised by the appeal, and we take up the first ground of error, that denying the motions of the plaintiffs to set aside the verdicts by reason of the claimed disqualification of the juror, Mr. Munn.

The disqualification of a juror may be based upon the statute or upon the rules of the common law. In this State, a juror is disqualified by statute who is not an elector, who is less than twenty-five years of age, or who is not esteemed in his community to be a man of good character, approved integrity, sound judgment and fair education; General Statutes, § 5681; or upon motion of either party a juror is disqualified, who has "served at a previous term, within a period of five years, on any jury in the court in which such action is pending." Public Acts of 1925, Chap. 194.

At common law, a challenge to the polls, as distinguished from a challenge to the array, would lie for want of qualifications, as for alienage or infancy, or a prior conviction for certain infamous crimes, as well as for bias or prejudice. A challenge for this cause could be either a principal challenge or a challenge to the favor, as it was called. Of the former, were relationship to either party to the suit, a former service as arbitrator on either side, an interest in the outcome of the suit, either personal or as a member of a corporation, or the relation of master or servant, steward, attorney, landlord or tenant to either party, or that the prospective juror has conversed with either party upon the merits of the case, or has formed or expressed an opinion on the question at issue. Such facts being proved, the disqualification was conclusively presumed. It was a legal conclusion and it could not be rebutted.

Challenges for favor were founded on probable circumstances of suspicion, as for example, particular friendship, or enmity, or such other facts as would

tend to show bias but did not create a conclusive presumption of disqualification. In such cases, if the court had reason to think that bias or prejudice in fact existed to such an extent that the juror could not give the parties a fair trial, the juror would be held disqualified; but while this thus lay in the sound discretion of the court, it was said the court "ought not to indulge any unreasonable and groundless suspicion of a party." These grounds of challenge are of the same nature as the principal challenge *propter affectum,* but of an inferior degree. Bacon, Abridgment, Juries, (E) 1; Chitty, Criminal Law, Vol. 1, p. 536; 1 Swift's Digest, s.p. 737; *State* v. *Howard,* 17 N. H. 171, 191; *Coughlin* v. *The People,* 144 Ill. 140, 164, 33 N. E. 1.

The doctrine is pretty generally held that for those causes falling under the head of principal challenge, referring to the more strictly legal qualification, there could be no remedy after verdict rendered, but the disqualification was healed by the verdict; while for other causes, under the head of challenge for favor, where the disqualification was for the court's determination as a fact, their proof after verdict entitled the complaining party to a new trial unless the defect or disqualification was known to him and waived by him during the trial. *State* v. *Brockhaus,* 72 Conn. 109, 112-115, 43 Atl. 850; *Selleck* v. *Sugar Hollow Turnpike Co.,* 13 Conn. 453, 459; *State* v. *Watkins,* 9 Conn. 47, 51; *Pettibone* v. *Phelps,* 13 Conn. 445, 450-452; *Wassum* v. *Feeney,* 121 Mass. 93, 94.

In the case of *Brewer* v. *Jacobs* (Tenn.) 22 Fed. 217, at page 234, the court said: "Motions for a new trial in Tennessee, even in criminal cases, have been always regarded with disfavor by courts when the motions are grounded on such disqualifications of a juror as a challenge *propter defectum* upon the trial would

disclose. The want of these purely statutory quali-
fications, such as citizenship, age, property, . . . etc.,
which do not go to make up the really (not purely
legal) necessary and essential qualities to enable the
juror to do his duty intelligently and impartially in
the case, have never in this State, or elsewhere, been
treated with the same strictness as objections to the
juror for bias, partiality, criminality, and the like
causes reached by challenge *propter affectum* and
*propter delictum* as designated in the common law.
Indeed, the courts are swift to lay hold of an argu-
ment or fact in the record on which to ground a de-
nial of these motions when based upon the *propter
defectum* class of juror disqualifications, especially
where they can see that no injury has thereby re-
sulted to the party objecting to the verdict."

In the case before us, the trial court did not deter-
mine whether the fact that Mr. Munn was a pensioner
of the railroad company which owned all the stock of
the defendant company, did create a bias or prejudice
which would disqualify him, but left the question open
and decided the motion upon the claim of waiver.

Though the precise question thus presented has not
arisen in this State, a very similar condition of facts
was disclosed in the case of *Quinebaug Bank* v.
*Leavens,* 20 Conn. 87. In that case, the juror was
the father of one of the stockholders of the plaintiff
bank, the prevailing party, and the defendant was
not aware of that fact when the jury was impaneled.
The opinion in that case does not specifically decide
whether the relation did in fact create a disqualifica-
tion, but proceeds to say that if it did, the disquali-
fication was waived by the complaining party ˙ for
failure to inquire upon the *voir dire* or take any
reasonable pains from which the relationship might
have been ascertained, and that this inquiry should

have been made because from "the fact that a banking corporation was the plaintiff, consisting of numerous stockholders, they might well suspect, either that some stockholder, or one or more of their many relatives, might be found upon the jury."

Probably for the reason that the decision was put on the ground of waiver, the opinion did not decide the claim made by the respondent in that case, that if it was a disqualification, it was a harmless one unless it was further shown that the juror knew his son was a stockholder.

In the case before us, a possible pecuniary interest on the part of the juror, in the result of the trial, is too remote to merit serious consideration. *Manion* v. *Flynn*, 39 Conn. 330, 332. The ground of disqualification, if any, was one of possible bias, and if it had a technical existence, was a harmless one unless it created an actual prejudice or bias in the mind of the juror.

As we have already said, we do not think such a private detail of the relationship between the two companies as the actual ownership of the stock, is a matter of such common knowledge that we can presume it was known to Mr. Munn himself. There is nothing in the record to indicate in any way that, in accepting service on this panel, he acted in bad faith. We rather construe his silence to indicate that he did not know about this matter. It seems too clear for serious discussion that if he was not aware that the stock was owned by the railroad company, he could not have been prejudiced or biased by the fact that it did own it.

If the record disclosed that he did know and yet remained silent, a very different situation would be presented. It not appearing that he had this knowledge of the ownership of the stock, a claim of bias

arising from the fact of such ownership, must fail. His judgment could not have been affected even insensibly by a circumstance of the existence of which he was not aware. *Traviss* v. *Commonwealth,* 106 Pa. St. 597, 607.

In *Wood* v. *Holah,* 80 Conn. 314, 316, 68 Atl. 323, we said: "The misconduct of a trier, whether judge or juror, where the prevailing party is without fault, does not *ipso facto* justify the grant of a new trial. There must appear to have been prejudice to the unsuccessful party, or at least the possibility of it, before a court will be justified in depriving the successful party of the results of the litigation which he has by fair methods obtained." And in the earlier case of *Pettibone* v. *Phelps,* 13 Conn. 445, at page 450: "The rule extracted from the cases seems to be, that however improper such conduct may have been, yet if it does not appear that it was occasioned by the prevailing party, or anyone in his behalf; if it do not indicate any improper bias upon the juror's mind, and the court cannot see, that it either had, or might have had, an effect unfavorable to the party moving for a new trial; the verdict ought not to be set aside." And this general principle applies not only to conduct on the part of a juror, but to all causes of challenge of this character.

Even though there was a technical disqualification, it was a harmless one, as the record stands, and it cannot furnish ground for a new trial. This results if the disqualification be treated as a cause of challenge for favor; and if it could be treated as a cause of principal challenge, it would have been healed by the verdict. *State* v. *Brockhaus,* 72 Conn. 109, 116, 43 Atl. 850; *State* v. *Congdon,* 14 R. I. 458, 461; *Senterfeit* v. *Shealey,* 71 S. C. 259, 51 S. E. 142, 146; *Larkin* v. *Baty,* 111 Ala. 303, 18 So. 666, 667; *Te-*

*garden* v. *Phillips,* 14 Ind. App. 27, 42 N. E. 549; *Brewer* v. *Jacobs* (Tenn.) 22 Fed. 217, 243, 244.

Since this view of the case gives the same results as that reached by the trial court, and the judgment must be sustained, it is not necessary to consider further questions raised by the appeal, as these could not in any event alter this conclusion.

There is no error.

In this opinion the other judges concurred.