## Mary C. Killian *vs.* John T. Logan et als.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued June 7th—decided August 2d, 1932.

*John H. Mountain, Jr.,* for the appellant (plaintiff).

*Arthur M. Comley,* for the appellees (defendants).

HINMAN, J.   The defendants were the owners of a four-story building in Bridgeport, of which part of the first floor was leased to the Logan Brothers Company, and the remainder of the building to the Connecticut Company for its general business offices.   In the evening of April 4th, 1930, while the plaintiff, who was employed by the Connecticut Company as telephone operator, was engaged in her duties on the second floor of the building, a fire started on the first floor and filled the only stairway with smoke so that the plaintiff was obliged to make use of a fire escape which the defendants had caused to be constructed on the outside of the building.   This fire escape was of a type known as a counter-hinged stair.   From a landing outside the second floor windows, about eighteen or twenty feet above the street, an iron ladder or stairway extended horizontally, being hinged at one end to the landing and held at the other by a chain, running over a pulley, and attached to a counter-weight. When the fire escape was erected in 1921 the counter-weight was so adjusted that when a person weighing about one hundred and fifty pounds walked out halfway on the horizontal stairway, the outer end would descend to the ground, and this was the manner in which it was designed to operate.   The plaintiff and a night watchman, also employed by the Connecticut Company, went upon the landing and walked, the plaintiff ahead and the man following closely, out upon the stairway.   It was dark, but the plaintiff put her hands on the railings and felt her way along until she came to the end, recognizing this because she put her foot out and could find no more steps.   The

stairway remained in the horizontal position until they both reached the extreme outer end, when it dropped suddenly with great force, and the plaintiff was thrown off and injured. Most of the foregoing facts were undisputed; the others the jury could reasonably have found.

The trial court directed a verdict for the defendants and this appeal is from the refusal to set aside that verdict. As the record does not include a transcript of the statement of the trial court, if any was made, in directing the verdict, and no memorandum of decision accompanied the denial of the motion to set it aside, we lack authoritative information as to the respects in which the case made by the plaintiff on the evidence was held to be so lacking as to justify a directed verdict. The briefs of the parties indicate that the verdict was directed on the grounds of failure of proof of control of the fire escape by the defendants and the consequent duty of inspection, maintenance, and repair, and of negligence on the part of the defendants, and we consider the appeal on that basis.

The defendants claim that the plaintiff offered no evidence that the defendants retained control of the fire escape. It was in evidence and not disputed that they caused it to be erected in 1921 and to be painted in 1924 and again in 1928, and that in March, 1931, they procured a test to be made of the working of the stairway. Repairs either before or after an accident tend to prove retention of control by the party making them. *Vinci* v. *O'Neill,* 103 Conn. 647, 652, 131 Atl. 408. There was no evidence of repair or other indicia of control by tenants or others. The statutes concerning fire escapes—§§ 2613, 2614, 2615, and 2616, General Statutes—impose the duty of providing them, on any building for which they are required, upon the owner of such building. The plaintiff claims that the

obligation to provide imports and includes not only erection, in the first instance, but also a duty to thereafter maintain and keep in repair. Be that as it may, continued control in the owner who is required to provide a fire escape and does so, fairly may be inferred in the absence of evidence of a transfer of that control and the accompanying duties or assumption thereof by persons other than the owner. If the defendants maintained control of the fire escape, the fact that it led only to a portion of the building occupied by the Connecticut Company would not absolve them of responsibility for maintaining it in proper working condition. *Thelin* v. *Downs,* 109 Conn. 662, 667, 145 Atl. 50; *Gibson* v. *Hoppman,* 108 Conn. 401, 407, 143 Atl. 635; *Brandt* v. *Rakauskas,* 112 Conn. 69, 72, 151 Atl. 315. The evidence on this issue was sufficient to go to the jury.

The plaintiff offered no direct evidence that the apparatus had become corroded with rust or otherwise in bad repair or defective condition as she alleged in her complaint. It was established, however, that the stairway was so designed and constructed that a weight of about one hundred and fifty pounds applied half-way out upon it would cause it to descend and that it did so when first erected. It also appeared that the pulley and the chain passing over it from the outer end of the stairway to the counter-weight were not enclosed but were exposed to the weather. It was uncontradicted that the plaintiff and a man following closely behind her both walked the full length of the stairway before it finally lowered, and that it then fell suddenly and with much violence.

The defendants appear to concede, as they must, that if the jury found that they were in control of the fire escape and under a duty to maintain it in proper operating condition, the doctrine of *res ipsa loquitur,*

if applicable under the circumstances of this case, would avail to save the plaintiff from a verdict directed because of lack of definite and specific proof of negligence, but claim that the conditions requisite to a resort to that doctrine are not met by the evidence presented. *Stebel* v. *Connecticut Co.*, 90 Conn. 24, 96 Atl. 171; *Schiesel* v. *Poli*, 108 Conn. 115, 142 Atl. 812; 5 Wigmore, Evidence (2d Ed.) § 2509; 45 C. J. 1193. It could be found from the evidence that the failure of the fire escape to function, as described, was not to be expected unless from negligent failure to maintain or repair it. The evidence depended upon by the defendants as to the difficulties attendant upon walking upon the edges of the treads of the steps until the stairway lowered was patently unrelated to the cause and manner of the plaintiff's injury and was insufficient to deprive her of the benefit of the doctrine; the condition "that the apparatus must be such that in the ordinary instance no injurious operation is to be expected" does not require that the instrumentality must be safe in every respect, but only that the injurious operation which causes injury is not normally to be expected except through the intervention of negligence.

The second requisite, that "both inspection and user must have been at the time of the injury in the control of the party charged," is not defeated, as claimed by the defendants, because not they but the plaintiff and another person were actually using the fire escape at the time. The "user" contemplated by the rule manifestly is as indicated in *National Biscuit Co.* v. *Wilson* (Ind.) 78 N. E. 251, 252, which involved personal injury by the alleged failure of a safety clutch of an elevator. "The safety clutch, because of its peculiar function, was only used when an emergency arose, and such use was independent of any control of the

person injured. Its operation depended upon agencies provided by appellant and the use made of it was his use. Such use would be no more personal to him had it involved the immediate action of his hands and brain. No voluntary or other action by appellee contributed to the failure of such device to work at the proper time, and it cannot be justly held that such failure was not admissible as a circumstance as tending to show negligence upon the part of appellant."

In the present case also the jury could have found that "the injurious occurrence or condition . . . happened irrespective of any voluntary action at the time by the party injured" meeting the third condition.

The failure of the stairway to lower when and in the manner designed, ordinarily could not have occurred had the fire escape, and especially the counterbalance apparatus, been in proper condition, and it was open to the jury to infer negligence from the accident and the circumstances attending it. *Griffen* v. *Mancie*, 166 N. Y. 188, 59 N. E. 925. The issues of defendants' control of the fire escape and of their negligence by reason of failure to properly inspect, maintain, and repair it, were questions as to which reasonable men might differ, as were the other material issues, and they should have been submitted to the jury for their determination.

There is error and a new trial is ordered.

In this opinion the other judges concurred.