STATE OF CONNECTICUT *vs.* ALOYSIUS KOKOSZKA.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued June 3d—decided July 1st, 1937.

*Thomas R. Fitzsimmons,* with whom was *Vincent J. Scamporino,* for the appellant (the accused).

*Bertrand E. Spencer,* State's Attorney, for the appellee (the State).

BANKS, J. The accused was a former employee of the Remington Rand Company at Middletown, and on the day of the alleged offense was out on strike. The State claimed that he was standing with other strikers in a lot near the company's plant and threw a stone which shattered the window of a bus, which was carrying as passengers those who were then employed at the plant. He was found guilty by the jury and moved in arrest of judgment and for a new trial on the ground that two of the jury panel were not acting impartially and could not act impartially upon the trial, in view of their answers when they were examined upon the voir dire. The trial court denied

the motion and, as stated in the brief of the accused, the question presented upon his appeal is whether or not the presence of these two jurors on the panel, under the circumstances set forth in the record, entitled him to a new trial.

These circumstances, as they appear from the finding of the trial court, were as follows: Prior to this trial one Magnano had been tried upon a charge of breach of the peace and assault claimed to have occurred in connection with the strike, and each juryman on the panel had been interrogated on the voir dire. Upon the trial of the present case counsel for the accused stated that he would rely in part upon the answers which the members of the panel had given on the voir dire in the Magnano case. Gustafson, a member of the panel, upon his examination upon the voir dire in the Magnano case, when asked if any of those working at the Remington Rand plant were friends of his or related to him in any way, replied that some of his friends and his niece were employed there, and that that fact would not influence his judgment. He did not disclose the fact that he had a brother working there. Counsel for the defendant immediately started examining him upon other subject-matter so that he had no reasonable opportunity to further state that his brother was also employed there, and he believed that the fact of his brother's employment was a matter of no consequence, and that the fact that he knew of such employment would have no bearing on any verdict he might render, and would not affect his judgment in any way. The trial court found that he did not intentionally conceal the fact of his brother's employment by the Remington Rand Company, that that fact did not affect his judgment in the case, and that he was honest and impartial in his conduct as a juror.

Another member of the panel, Anderson, interrogated upon the voir dire in the Magnano case, when asked whether any member of his family or persons connected with him as friends were employed at the Remington Rand plant, replied in the negative. At that time, John Thayer, whom Anderson had taken into his home at the age of six and had brought up to the age of eighteen, was actually employed at the plant, and Anderson had heard that he had been assaulted by some of the strikers. When Anderson was asked whether any member of his family or any of his friends were employed at the plant he for the moment forgot Thayer, who had not been living with him for the past two years, and it did not occur to him that he might be considered as a member of his family or one of his friends. The trial court found that he was honest in his answer, and had no deliberate intention to conceal the true facts, that they had no effect upon his judgment as a juror, and that he was in no way prejudiced by the existence of these facts.

The disqualification of a juror, which at common law would entitle a party to a principal challenge, may arise when the connection between the prospective juror and either party to the action is of so close a nature that, when the facts concerning it are proved, the disqualification is conclusively presumed to exist. Relationship to either party to the suit, an interest in its outcome, the fact that the prospective juror had conversed with either party on the merits of the case or had formed or expressed an opinion on the question at issue, for example, were held to import absolute bias or favor and require the disqualification of the juror as a matter of law. *McCarten* v. *Connecticut Co.*, 103 Conn. 537, 544, 131 Atl. 505. Other facts and circumstances may be such as would tend to show bias but not such as to create a conclusive presumption

of disqualification. "In such cases, if the court had reason to think that bias or prejudice in fact existed to such an extent that the juror could not give the parties a fair trial, the juror would be held disqualified; but while this thus lay in the sound discretion of the court, it was said the court ought not to indulge any unreasonable and groundless suspicion of a party." *McCarten* v. *Connecticut Co.*, supra, p. 543.

It is clear that the facts which it is claimed disqualified the two jurors in the present case were not such as to conclusively establish their disqualification as a matter of law. At most the fact that juror Gustafson failed to disclose upon his voir dire that he had a brother who was working at the Remington Rand plant, and that juror Anderson failed to make a like disclosure as to Thayer who had previously lived with him, might, especially if it appeared that they intentionally concealed those facts, have tended to show such bias as would have justified the trial court in holding them to be disqualified to sit in the case. But the court has found that there was no intentional concealment on the part of either juror, that there was nothing that tended to show bias or prejudice on the part of either, and that no such bias or prejudice did exist in the case of either to such an extent that they could not and did not give the accused a fair trial. These conclusions are decisive of the case unless they could not reasonably and logically be reached from the subordinate facts found. There is nothing in these facts, or in the evidence, which would require a conclusion that either juror was biased so that he could not render an impartial verdict. The trial court heard the questions and answers upon the voir dire and the explanations given by the jurors at the hearing upon the motion for a new trial, and observed their manner of testifying on both occasions. Its conclusion that

neither of them intentionally concealed any facts which might tend to disqualify him, and that each was in fact without bias or prejudice, is decisive of the issue upon the motion.

There is no error.

In this opinion the other judges concurred.