WILLIAM BLUETT *v.* ELI SKATING CLUB

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 4—decided July 9, 1946

*Louis Feinmark,* with whom was *Benjamin F. Goldman,* for the appellant (plaintiff).

*Morris Tyler,* with whom, on the brief, were *J. Stephen Knight* and *Herbert L. Emanuelson,* for the appellee (defendant).

BROWN, J. This is an action for damages for personal injuries sustained by the minor plaintiff when he fell while skating in the defendant's roller skating rink. The jury rendered a verdict for the defendant and the plaintiff has appealed from the denial of his motion to set the verdict aside and from the judgment. The material facts are not in dispute. On January 24, 1943, the defendant was engaged in the business of operating a public roller skating rink in a building in New Haven. On that afternoon the plaintiff, who was fifteen years of age and an experienced roller skater, went to the rink to skate, paid the admission fee of 30 cents and received a pair of skates from one of the defend-

ant's attendants. He presented them to another attendant, known as a "skate boy," who was employed by the defendant to fasten skates on the shoes of its customers. The boy fastened the skates to the plaintiff's shoes, making use of a strap at the heel and a screw clamp at the toe. After the plaintiff had skated for about half an hour he noticed that the right skate appeared to be loose and returned to the "skate boy," who tightened it. The plaintiff resumed skating. A few minutes later the right skate came off at the toe and he fell, breaking his arm.

The plaintiff has assigned error in the court's charge upon the doctrine of res ipsa loquitur, claiming that under a proper application of this principle the jury could have found that the defendant was negligent in failing to fasten the skate properly to the plaintiff's shoe. The three conditions affording a basis for the application of the doctrine in a case of this nature are: (1) the "apparatus 'must be such that in the ordinary instance no' injury would result 'unless from a careless construction, inspection or user; (2) both inspection and user must have been at the time of the injury in the control of the party charged with neglect; (3) the injurious occurrence or condition must have happened irrespective of any voluntary action at the time by the party injured.'" *Jump* v. *Ensign-Bickford Co.*, 117 Conn. 110, 121, 167 A. 90; *Briganti* v. *Connecticut Co.*, 119 Conn. 316, 320, 175 A. 679. The court's charge included a correct statement of these three requisites. The plaintiff contends, however, that upon the facts of this case the recital by the court of the second requisite, in connection with its further statement that "at the time, however, the skate had been put on the plaintiff's foot and he was using it to skate

with," constituted an insufficient and erroneous instruction. His claim is that the court should have qualified and explained its instruction upon this point by further charging as he had requested, as follows: "The 'user' contemplated does not necessarily mean that of the defendant who provides the apparatus. If the apparatus is placed with the injured one and involves no voluntary or other action which contributed to the failure of the device to work at the proper time . . . then the jury have a right to infer negligence from the accident and the circumstances attending it."

The plaintiff relies upon two cases in support of this claim, *Killian* v. *Logan,* 115 Conn. 437, 162 A. 30, and *Griffin* v. *Manice,* 166 N. Y. 188, 59 N. E. 925. Each is clearly distinguishable upon its facts from the case before us. In the former case the plaintiff was descending a fire escape, which was under the defendant's control, when a failure of its mechanism precipitated her to the ground; and in the latter case the plaintiff's decedent was a passenger in an elevator which dropped to the bottom of the shaft and the counterweights crashed through the top and killed him. Obviously in each of these cases the plaintiff had no control over the mechanism the defect in which caused the injury. See also *Jump* v. *Ensign-Bickford Co.,* supra. As was said in the *Killian* case (p. 442), quoting from *National Biscuit Co.* v. *Wilson* (Ind.) 78 N. E. 251, no voluntary action upon the plaintiff's part contributed to the failure of the device.

Here, on the contrary, it is manifest that in skating as he did the plaintiff by his own conduct voluntarily imposed a stress and strain upon the mechanical means used to attach the skate to his shoe as

well as upon the shoe itself, which was behavior likely to affect the security of the fastening, and that the defendant's ability to control those means had then been terminated. Therefore the difference in the factual situation renders the two above decisions relied upon by the plaintiff inapplicable. The same is true of *Fogarty* v. *M. J. Beuchler & Son, Inc.*, 124 Conn. 325, 199 A. 550, also cited in the plaintiff's brief. It is true, as suggested in the *Killian* case at page 441, that the fact that a plaintiff at the time of his injury was "actually using" the device claimed to have been defective does not of itself necessarily preclude the possibility of satisfying the second requisite of the doctrine, but as pointed out above it does have this effect when, as here, the control by the defendant has been supplanted by active actual control in the plaintiff. This conclusion is further fortified where, as in the present case, the plaintiff, contrary to the third-requisite of the doctrine, in his exercise of this control has engaged in voluntary acts likely to cause failure of the device in question. Implicit in the term "user" in the statement of the doctrine is the idea of management and control as well as of actual use. 3 Bouvier's Law Dictionary (3d Rev.) 2908; 38 Am. Jur. 989. For the reasons which we have stated the facts in this record were insufficient to warrant a finding of negligence under the doctrine of res ipsa loquitur. The court's instruction to the jury to the contrary gave the plaintiff more than he was entitled to and the charge contained no error prejudicial to him.

The plaintiff has also assigned error in the court's denial of his motions for a mistrial and to set aside the verdict. The ground relied upon in each was the racial prejudice claimed to have been indicated

by one of the jurors. During a recess in the trial, a juror, outside of the jury room, in the course of a discussion of the war made a very disparaging remark to another juror as to the race to which the latter, as well as counsel for the plaintiff, belonged. The juror to whom the remark was made repeated it to others on the panel. The court upon learning of it immediately informed counsel and they discussed it with the court. The plaintiff filed his motion for a mistrial prior to the arguments. Subsequently, he filed a motion that the verdict be set aside on the same ground. Both motions were denied by the court. The court has found that it was not indicated that any reference was made to the case on trial or to any person concerned therein, and that nothing occurred during the trial in any way indicating any prejudice or bias against anyone connected therewith, either as counsel or litigant.

The gist of the plaintiff's claim is that the court erred in denying the motions because the juror's remark evidenced that she had "such a warped mind [that she] could not possibly be impartial in a matter where one of the race concerning which she had such a viewpoint was involved." He further argues that "such verdict rendered by a jury so tainted, should not stand." The trial court's action upon the motions is not reviewable by this court as to either unless the record shows an abuse of discretion, and in order for us to hold its rulings erroneous "there must appear to have been prejudice to the unsuccessful party, or at least the probability of it." *Burns* v. *State,* 84 Conn. 518, 521, 80 A. 712. As we have further stated in regard to the common-law rule as to the disqualification of a juror for bias, "In such cases, if the court had reason to think that bias

or prejudice in fact existed to such an extent that the juror could not give the parties a fair trial, the juror would be held disqualified; but while this thus lay in the sound discretion of the court, it was said the court 'ought not to indulge any unreasonable and groundless suspicion of a party.'" *McCarten* v. *Connecticut Co.*, 103 Conn. 537, 543, 131 A. 505; *State* v. *Kokoszka*, 123 Conn. 161, 165, 193 A. 210. Applying these principles, much as the harboring of such a prejudice as this juror's statement indicated may be deplored and condemned, we cannot hold upon the record in this case that the court's denial of the motions involved an abuse of its discretion.

There is no error.

In this opinion the other judges concurred.