BRIAN MORGAN *v.* ST. FRANCIS HOSPTIAL AND
MEDICAL CENTER ET AL.
(14060)

SHEA, CALLAHAN, GLASS, COVELLO and HULL, Js.

Argued October 5—decision released December 11, 1990

*Zbigniew S. Rozbicki,* for the appellant (plaintiff).

*Louis B. Blumenfeld,* with whom were *William J. Scully* and, on the brief, *John F. Scully,* for the appellee (named defendant).

*Thomas J. Groark, Jr.,* with whom was *Ruth A. Kurien,* for the appellee (defendant Alvaro Oviedo).

COVELLO, J. This is a suit seeking damages for medical malpractice. The sole issue is whether the trial court properly refused to disqualify for cause jurors who were employed by the defendants' insurance company. We affirm the judgment of the trial court.

On August 19, 1981, the plaintiff instituted a medical malpractice action against the defendants, St. Francis Hospital and Medical Center and Alvaro Oviedo, a physician. Aetna Casualty and Surety Company (Aetna) insured both defendants. At trial, the plaintiff accepted juror Dayna Walton, a receptionist for Aetna, without challenge. After exhausting his peremptory challenges, the plaintiff's attorney challenged for cause jurors Mary Ann Sapia, who worked at Aetna's word processing center, and Susan Martineau, an Aetna marketing analyst, and moved that the trial court exclude them because of their Aetna affiliation and Aetna's relationship to the case. The trial court, *O'Neill, J.,* denied the motion.

The subject of the identity of the defendants' insurance carrier never arose during trial. An Aetna representative was present in the courtroom at various times

throughout the trial, but there is no evidence that the jurors knew which insurance carrier, if any, was involved. On February 7, 1989, the jury returned a verdict in favor of the defendants. The plaintiff appealed the judgment to the Appellate Court, claiming that the Aetna jurors should have been disqualified. We transferred the plaintiff's appeal to this court in accordance with Practice Book § 4023.

"In Connecticut, the disqualification of a juror may be based upon the General Statutes or upon the rules of the common law." *Johnson* v. *New Britain General Hospital*, 203 Conn. 570, 580, 525 A.2d 1319 (1987); *McCarten* v. *Connecticut Co.*, 103 Conn. 537, 542, 131 A. 505 (1925); see General Statutes § 51-217 (c) (1).[1]

---

[1] General Statutes § 51-217 (c) (1) provides: "All jurors shall be electors, or citizens of the United States who are residents of this state and listed in the records of the motor vehicle department as persons to whom motor vehicle operators' licenses have been issued, who have reached the age of eighteen. A person shall be disqualified to serve as a juror if such person (A) is found by a judge of the superior court to exhibit any quality which will impair his capacity to serve as a juror, except that no person shall be disqualified on the basis of deafness or hearing impairment; (B) has been convicted of a felony within the past seven years or is a defendant in a pending felony case or is in the custody of the commissioner of correction; (C) is not able to speak and understand the English language; (D) is the governor, lieutenant governor, secretary of the state, treasurer, comptroller or attorney general; (E) is a judge of the superior court, appellate court or supreme court or is a federal court judge; (F) is a member of the general assembly, provided such disqualification shall apply only while the general assembly is in session; (G) is seventy years of age or older and chooses not to perform juror service; or (H) is incapable, by reason of a physical or mental disability, of rendering satisfactory juror service. Any person claiming a disqualification under subdivision (H) of this subsection must submit to the jury administrator a letter from a licensed physician stating the nature of the disability and the physician's opinion that such disability prevents the person from rendering satisfactory juror service. In reaching such opinion, the physician shall apply the following guideline: A person shall be capable of rendering satisfactory juror service if such person is able to perform a sedentary job requiring close attention for six hours per day, with short work breaks in the morning and afternoon sessions, for at least three consecutive business days."

In the present appeal, the plaintiff does not claim that disqualification of the jurors was required under § 51- 217 (c) (1), but rather, that it was required under common law principles.

At common law, challenges to the suitability of a juror may be either peremptory (without a stated basis) or for cause (for an articulated reason). "[A] challenge [for cause] to an individual juror for bias or prejudice can be either a principal challenge or a challenge to the favor. *McCarten* v. *Connecticut Co.,* supra. A principal challenge may arise when the connection between the prospective juror and either party is of so close a nature that, when the facts concerning the relationship or interest are proven or when the prospective juror 'has formed or expressed an opinion on the question at issue,' the disqualification is conclusively presumed. Id.; see, e.g., *State* v. *Kokoszka,* 123 Conn. 161, 164, 193 A. 210 (1937). A challenge to the favor, on the other hand, is one where the connection, being more remote, tends to show bias but does not create a conclusive presumption of bias. *McCarten* v. *Connecticut Co.,* supra, 542–43." *Johnson* v. *New Britain General Hospital,* supra, 581–82.

Examples of a principal challenge include "relationship to either party to the suit . . . an interest in the outcome of the suit, either personal or as a member of a corporation, or the relation of master or servant . . . to either party . . . ." *McCarten* v. *Connecticut Co.,* supra, 542. These relationships are "held to import absolute bias or favor and require the disqualification of the juror as a matter of law." *State* v. *Kokoszka,* supra, 164. A challenge to the favor, however, is based on "facts and circumstances . . . such as would tend to show bias but not such as to create a conclusive presumption of disqualification." Id., 164–65. The decision

whether to disqualify a juror for a challenge to the favor "lay in the sound discretion of the court . . . ." Id., 165.

In the present case, the plaintiff asserted a principal challenge, not a challenge to the favor, and therefore claims that the jurors in question should have been disqualified as a matter of law. The plaintiff claims that under Connecticut law an employee of a party is subject to a principal challenge because the close relationship creates a conclusive presumption of bias. See *McCarten* v. *Connecticut Co.,* supra, 542. The plaintiff argues that because Aetna will be required to pay the judgment in the event of a verdict for the plaintiff, Aetna became, in effect, a party in interest to the action. Although the plaintiff concedes that we have not, in the past, adopted a rule excluding the employees of a party's insurance company as a matter of law, the plaintiff argues that we should now do so because of the close nexus of interests between the defendants and the defendants' insurer.

In support of his argument, the plaintiff relies upon *Atlanta Coach Co.* v. *Cobb,* 178 Ga. 544, 549–51, 174 S.E. 131 (1934), in which it was held that an employee of the defendant's insurer should have been disqualified as a matter of law. This argument overlooks the fact that in Connecticut, unlike Georgia, "in negligence actions, evidence that the defendant carries liability insurance is [generally] inadmissible." *Magnon* v. *Glickman,* 185 Conn. 234, 242, 440 A.2d 909 (1981). "A challenge for principal cause is one for absolute disqualification or bias"; 47 Am. Jur. 2d, Jury § 214; and the basis of the challenge is that "the connection between the prospective juror and either party to the action is of so close a nature that . . . the disqualification is conclusively presumed to exist." *State* v. *Kokoszka,* supra, 164. Because evidence of insurance coverage is generally inadmissible in Connecticut, there is no reason to presume that veniremen employed by

the defendants' insurer are biased. Their "judgment [will not be] affected even insensibly by a circumstance . . . the existence of which [they are] not aware." *McCarten* v. *Connecticut Co.,* supra, 546.

"This court has repeatedly stated that it 'does not choose to create a set of unreasonably constricting presumptions that jurors be excused for cause . . . where [as here] . . . there is no showing of actual bias or prejudice.' (Citations omitted.) *State* v. *Clark,* 164 Conn. 224, 228, 319 A.2d 398 (1973). Rather, this court adheres to the principle that '[t]o succeed on a claim of bias the [plaintiff] must raise his contention of bias from the realm of speculation to the realm of fact.' " *State* v. *Ziel,* 197 Conn. 60, 65, 495 A.2d 1050 (1985). The burden of proof in this regard rests on the plaintiff. *Johnson* v. *New Britain General Hospital,* supra, 582.

The plaintiff argues that the jurors could have been biased because a representative of the insurance company was present at trial. The plaintiff, however, offered no evidence that the jurors knew the identity of the representative. "The trial court is vested with wide discretion in determining the competency of jurors to serve, and that judgment will not be disturbed absent a showing of an abuse of discretion." *State* v. *Cubano,* 203 Conn. 81, 88–89, 523 A.2d 495 (1987). As there was no evidence that the jurors were in fact biased, it cannot be said that the trial court abused its discretion in denying the plaintiff's challenges.

"[W]e conclude that the [plaintiff] has failed to 'raise his contention of bias from the realm of speculation to the realm of fact.' The denial of the [motion] . . . for a new trial was within the reasonable exercise of the trial court's discretion." Id., 91.

The judgment is affirmed.

In this opinion the other justices concurred.